Daniel S. PARKS and Suzanne Parks, Individually and as Trustees of the Daniel S. Parks, P.C. Retirement Trust, Appellants,

v.

DeWITT COUNTY ELECTRIC COOPERATIVE, INC., Appellee.

No. 13–00–509–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 3, 2003.

Order Overruling Rehearing Aug. 14, 2003.

Daniel S. Parks, Attorney At Law, The Woodlands, pro se.

W. Mcnab Miller, III, Attorney At Law, Houston, for Appellant.

Edward P. Quillin, Michael L. Baum and Daena Goldsmith Ramsey, Schell, Quillin, Mitchel & Cooley, LLP, Dallas, for Appellee.

Before Justices HINOJOSA, CASTILLO, and DORSEY.[1]

## OPINION

Opinion by Justice CASTILLO.

On appeal after remand[2], appellants Daniel S. Parks and Suzanne Parks ("the

---

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. *DeWitt County Elec. Coop. v. Parks,* 1 S.W.3d 96 (Tex.1999).

Parks") complain in four issues of the evidence considered by the trial court in granting a no-evidence summary judgment to DeWitt County Electric Cooperative, Inc. (the "Cooperative"), appellee. The Cooperative replies that summary judgment was proper. For the reasons expressed below, we sua sponte dismiss the appeal for want of jurisdiction.

## I. PROCEDURAL HISTORY

On February 21, 2003 and March 31, 2003, this Court received supplemental records that contain the pleadings of the parties and the judgment that was the subject of the prior appeal. The supplemental records reflect that the Parks filed an original petition on February 22, 1991, seeking: (1) a declaratory judgment; (2) damages for violations of the Texas Deceptive Trade Practices–Consumer Protection Act[3] (the "DTPA"), trespass, and breach of contract; and (3) attorney fees. On March 15, 1991, the Cooperative filed an original answer and counterclaim and on March 18, 1991, filed an identical first amended original answer and counterclaim. In the counterclaim, the Cooperative sought: (1) attorney fees under the DTPA (including fees for trial and on appeal); (2) costs; and (3) post-judgment interest. On April 15, 1991, the Parks filed an original answer to the counterclaim, pleading affirmative defenses to the Cooperative's claim for attorney fees and, alternatively, asserting that the counterclaim was sanctionable under rule 13 of the rules of civil procedure.[4] On September 21, 1992, the Parks filed their first amended original petition, asserting quasi/equitable estoppel and seeking: (1) a declaratory judgment; (2) damages for violations of the DTPA, trespass, breach of contract, negligence/gross negligence, misrepresen-

tation/actionable fraud, breach of the duty of good faith and fair dealing, intentional injury and damage, intentional infliction of emotional anguish, and negligent infliction of emotional anguish; and (3) attorney fees. After a jury trial, deliberations, and the court's receipt of a note indicating the jury was hung, the trial court granted the Cooperative's motion for a directed verdict. On October 13, 1995, the trial court signed a judgment that recited in its entirety as follows:

### JUDGMENT

On the 18th day of July, 1995, came on to be heard the above entitled and numbered cause where DANIEL S. PARKS and SUZANNE PARKS, individually and as Trustees of the Daniel S. Parks, P.C. Retirement Fund, are plaintiffs and DeWITT COUNTY ELECTRIC COOPERATIVE, INC. is Defendant. Whereupon Plaintiffs appeared in person and by their attorney of record and Defendant appeared by its attorney of record and all parties announced ready for trial and, a jury having been previously demanded, a jury of twelve qualified jurors was duly empaneled and the case proceeded to trial.

At the conclusion of the evidence the Court submitted the questions of fact in the case to the jury. The charge of the court is incorporated herein for all purposes by reference. Thereupon the jury retired to consider its verdict.

While the jury was deliberating, the Court reconsidered the Defendant's Motion for Instructed Verdict. After hearing the statements and arguments of Counsel, the Court is of the opinion and finds that the Motion should be granted

---

**3.** TEX. BUS. & COM.CODE ANN. §§ 17.41 *et seq.* (Vernon 2002).

**4.** TEX.R. CIV. P. 13.

as to all Plaintiffs' causes of action. The Court finds that the easement in question is unambiguous and clearly grants the Defendant the right to cut the trees in question. The Court finds that all causes of action and all relief requested by Plaintiffs in their pleadings but which were not submitted by them in their requested charge were waived by the Plaintiffs as a matter of law.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that Plaintiffs take nothing by their suit and that Defendant be in all things discharged and go hence without delay. All costs of Court are taxed against Plaintiffs, for which let execution issue. All relief requested by either party and not expressly granted herein is DENIED.

After appeal to this Court, the supreme court upheld our reversal of the directed verdict on the Parks' DTPA claim that the Cooperative misrepresented facts regarding the contract between the parties and remanded the case to the trial court for further proceedings. No other pleadings, including amendments, dismissals, or nonsuits, appear in the record.

After remand, the Cooperative filed a no-evidence motion for summary judgment on March 8, 2000. The Parks filed responses on April 12 and April 17, 2000. On May 11, 2000, the trial court entered the following "Order Granting Summary Judgment":

On April 18, 2000, the Court considered the Defendant's Motion for Summary Judgment on Remand from the Supreme Court in this case. The Court, after considering the Motion, Plaintiffs' Response and all competent summary judgment evidence presented, finds that the Motion is well taken and should be granted.

It is therefore ORDERED that the Defendant's Motion for Summary Judgment on Remand from the Supreme Court is hereby GRANTED. It is further ORDERED that Plaintiffs take nothing by their suit, and that the entirety of Plaintiffs' claims are dismissed with prejudice. All taxable costs of Court are to be borne by the party incurring same.

On May 19, 2000, the Parks perfected their appeal from the order granting summary judgment. On June 30, 2000, the Parks designated portions of the record on appeal to include "all pleadings filed in 2000 through date of your completion...." Neither the parties' live pleadings nor the original judgment following the directed verdict were included in the original clerk's record. *See* TEX.R.APP. P. 34.5(a)(1).

## II. JURISDICTION

 We first must determine whether we have jurisdiction over this appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). We are obligated to determine, sua sponte, our jurisdiction to hear and consider an appeal. *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990) (per curiam); *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied). Because the question of jurisdiction is a legal question, we follow the de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Jurisdiction of a court is never presumed. *El–Kareh v. Tex. Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex.App.-Houston [14th Dist.] 1994, no writ). If the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *Id.* The jurisdiction of this Court is established exclusively by constitutional and statutory enact-

ments. *See, e.g.,* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Vernon 1988). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001); *N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Absent an express grant of authority, we do not have jurisdiction to review an interlocutory order. *Steeple Oil & Gas Corp. v. Amend,* 394 S.W.2d 789, 790 (Tex.1965) (per curiam); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2003). Therefore, before we consider the issues, we must first determine if the order granting summary judgment signed May 11, 2000 is a final judgment.

A judgment is final if it disposes of all pending parties and claims in the record. *Guajardo v. Conwell,* 46 S.W.3d 862, 863–64 (Tex.2001) (per curiam) (citing *Lehmann,* 39 S.W.3d at 192[sic] ); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992) (orig.proceeding). In cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment. *Lehmann,* 39 S.W.3d at 204. The law does not require that a final judgment be in any particular form. *Id.* at 195. Therefore, whether a decree is a final judgment must be determined from its language and the record in the case. *Id.*

No presumption attaches that a motion for summary judgment addresses all of the movant's claims. *Id.* at 199–200; *Anderson v. Long,* 52 S.W.3d 385, 386 (Tex.App.-Fort Worth 2001, no pet.) (per curiam). A claim is not waived merely because it is not expressly presented in a motion for summary judgment. *McNally v. Guevara,* 52 S.W.3d 195, 196 (Tex.2001). To determine whether an order actually disposes of all pending claims and parties, the appellate court may look to the record in the case. *Lehmann,* 39 S.W.3d at 205.

## III. ANALYSIS

### A. Finality

We now have received and reviewed the live pleadings of the parties and the original judgment signed October 13, 1995. The original judgment incorporated the charge submitted to the jury and expressly stated that "all causes of action and all relief requested by Plaintiffs in their pleadings but which were not submitted by them in their requested charge were waived by the Plaintiffs as a matter of law." However, the original judgment does not contain a similar clause with regard to the Cooperative's counterclaim, nor does the incorporated jury charge reflect that jury issues were submitted on the counterclaim. The original judgment does contain a "Mother Hubbard" clause in that it recites that "[a]ll relief requested by either party and not expressly granted herein is DENIED." The first question we address, then, is whether the original judgment disposed of the Cooperative's counterclaim for attorney fees.

With regard to the effect of the "Mother Hubbard" clause contained in the original judgment, the supreme court instructs as follows:

> If there has been a full trial on the merits either to the bench or before a jury, the language indicates the court's intention to finally dispose of the entire matter, assuming that a separate or bifurcated trial is not ordered.... For whatever reason, the standard Mother Hubbard clause is used in interlocutory

orders so frequently that it cannot be taken as any indication of finality. *Lehmann,* 39 S.W.3d at 204. Neither the parties nor this Court had the benefit of the supreme court's analysis in *Lehmann* when the Parks appealed the original judgment. In light of *Lehmann,* however, we cannot now, on the record before us, accord finality to the original judgment with regard to the Cooperative's counterclaim solely on the basis of the "Mother Hubbard" clause in the judgment. While the judgment expressly disposed of any other claims the Parks may have had that they did not submit to the jury, it does not do so with regard to any claims the Cooperative did not submit. Accordingly, we cannot determine from the face of the original judgment if the Cooperative waived its counterclaim for attorney fees or if a separate trial on that issue awaited the outcome of the trial on the Parks' DTPA claim, a common procedure for bad-faith counterclaims under the DTPA. *See* Tex.R. Civ. P. 174(b); *see also Perma Stone–Surfa Shield Co. v. Merideth,* 752 S.W.2d 224, 226 (Tex.App.-San Antonio 1988, no writ) ("The separate trial contemplated by Tex.R. Civ. P. 174 results in an interlocutory order determining the claims or issues tried, but there is only one final judgment which is entered after all claims and issue[s] involved in the suit have been tried.").

The question remains, then, as to whether the summary judgment order on its face disposes of the Cooperative's counterclaim. The summary judgment order does not contain a "Mother Hubbard" clause denying all relief not expressly granted, nor is it denominated "final" or "judgment" or otherwise indicate that the trial court intended it to be a final judgment. The counterclaim is not directly referenced in the Cooperative's motion for summary judgment. However, the Cooperative did request "such other and further relief at

law and in equity" to which it was entitled, and the order assesses costs. Accordingly, we must decide whether the assessment of costs by the court disposes of the Cooperative's request for attorney fees.

■ In *McNally,* as here, the judgment did not refer to the defendants' claim for attorney fees. *McNally,* 52 S.W.3d at 195. The supreme court disagreed with the defendants' assertion that they had waived their claim for attorney fees by not presenting it in their motion for summary judgment. *Id.* Relying on *Lehmann,* the supreme court held:

> Nothing in the trial court's judgment, other than its award of costs to the defendants, suggests that it intended to deny the defendants' claim for attorney fees. The award of costs, by itself, does not make the judgment final. Because the judgment does not appear final on its face, and because it did not dispose of the defendants' claim for attorney fees, it was not an appealable judgment.

*Id.* at 196 (citation omitted). It remains for us to decide if the assessment of costs against "the party incurring same" changes the conclusion reached in *McNally.* We note that under Texas law, "costs" are generally fees and charges required by law to be paid to courts or their officers, such as filing fees and service fees, the amount of which is set by statute or the court's rules. *Ex parte Williams,* 866 S.W.2d 751, 753 (Tex.App.-Houston [1st Dist.] 1993, no writ). "Costs" do not generally include costs billed to the client as part of an attorney fee. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.,* 835 S.W.2d 190, 206 (Tex.App.-Austin 1992, no writ). We also note that the Cooperative's counterclaim for attorney fees is based on a specific statute under which attorney fees may be awarded only if the court determines that the Parks' DTPA claims

were groundless and brought in bad faith or for the purpose of harassment.[5] Therefore, we do not believe that the assessment of costs against "the party incurring same" addresses the Cooperative's counterclaim for attorney fees. The record does not affirmatively demonstrate our jurisdiction. *See El–Kareh,* 874 S.W.2d at 194. We hold that the summary judgment order is interlocutory. *See McNally,* 52 S.W.3d at 196.

## B. Disposition

■ In *Lehmann,* the supreme court stated that if an appellate court is uncertain about the intent of a summary judgment order, it can abate the appeal to permit clarification by the trial court. *Lehmann,* 39 S.W.3d at 196. In *McNally,* the supreme court remanded to the court of appeals to determine whether to abate or dismiss the appeal for want of jurisdiction. *McNally,* 52 S.W.3d at 196. In determining whether to abate or dismiss, we note that a court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. Tex.R.App. P. 44.3. An appellate court also is prohibited from affirming or reversing a judgment or dismissing an appeal if the trial court's erroneous action or inaction prevents the proper presentation of an appeal and can be corrected by the trial court. Tex.R.App. P. 44.4(a). Further, rule 27.2 provides that "[t]he appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex.R.App. P. 27.2.

Abatement of an appeal pursuant to rule 27.2 occurred in *Iacono v. Lyons,* 6 S.W.3d 715 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (per curiam). In that case, the trial court signed a partial take-nothing summary judgment, and the next day the plaintiff nonsuited the other defendant. *Id.* at 716. The trial court did not enter an order of nonsuit. *Id.* The court of appeals noted that ordinarily, no order of nonsuit is required because a party is entitled to nonsuit on filing. *Id.* However, the court went on to hold that when a nonsuit is filed after a partial summary judgment has been signed, the judgment is not final on its face and does not become final until the trial court signs either an order of nonsuit or a final judgment explicitly memorializing the nonsuit. *Id.* Because the trial court's action of signing an order or final judgment was ministerial, the appellate court abated the appeal and remanded to the trial court for sixty days to cure the jurisdictional defect, which if not accomplished would result in dismissal for lack of jurisdiction. *Id.*

Here, rather than a ministerial act, disposition of the Cooperative's counterclaim for attorney fees may involve an evidentiary proceeding and further rulings of the trial court, including a determination of whether the Cooperative has waived its counterclaim, from which decisions the parties will have an opportunity to appeal. Determination of the issues associated with a claim for attorney fees brought as a statutory counterclaim requires more than the determination of "perfunctory issues which can be procedurally cured by the trial court entering a clarifying or similar order." *Garcia v. Com'rs Court of Cameron County, Tex.,* 2003 Tex.App. LEXIS 2526, at *22, 2003 WL 1561972, at *6, 101 S.W.3d 778 (Tex.App.-Corpus Christi March 27, 2003, no pet. h.). We do not construe rules 27.2, 44.3, or 44.4(a) as con-

---

**5.** Tex. Bus. & Com.Code Ann. § 17.50 (Vernon 2002).

ferring authority on an appellate court to abate an appeal while a statutory counterclaim and associated waiver issues are resolved by the trial court. *Id.* We have no authority to abate. Dismissal is required. *El–Kareh,* 874 S.W.2d at 194.

For these reasons, we do not believe there is a final, appealable order before this Court over which we have jurisdiction, or that the appeal merely can be abated until a final order is before the Court. This Court is without power to review the order granting summary judgment. *Garcia,* at 784–85, 2003 WL 1561972, at *6, 2003 Tex.App. LEXIS 2526, at *22. The appeal must be, and hereby is, dismissed for want of jurisdiction.

### OPINION ON MOTION
### FOR REHEARING

■ In its motion for rehearing, De-Witt County Electric Cooperative, Inc. acknowledges that the instructed verdict in its favor did not dispose of the Cooperative's counterclaim for attorney fees. The Cooperative concedes that the resulting judgment was not final at the time it was initially appealed and remanded. *See N.Y. Underwriters v. Sanchez,* 799 S.W.2d 677, 678–79 (Tex.1990) (holding that claim for attorney fees omitted from summary judgment motion remained pending so that order granting motion was interlocutory and not appealable). Intervening events have not made the judgment any more final. In this circumstance, even if the Cooperative had indicated in its motion for rehearing its intention to abandon the counterclaim, which it did not, no procedure is available to permit it do so on appeal. Procedures for finalizing the judgment are available, however, at the trial court. *See* Tex.R. Civ. P. 162 (nonsuit); Tex.R. Civ. P. 165 (abandonment); *see also Iacono v. Lyons,* 6 S.W.3d 715

(Tex.App.-Houston [1st Dist.] 1999, no pet.) (per curiam).

Rule 165 reads as follows:

A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried.

Tex.R. Civ. P. 165. The Cooperative did not avail itself of the abandonment procedure before judgment. For this reason and for the reasons stated in our opinion, we deny the motion for rehearing.