NUMBER
13-05-587-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

__________________________________________________________________

 

DANNY CHAPMAN,                                                                          Appellant,

 

                                                             v.

 

GARY=S POOL & PATIO A/K/A POOL &
PATIO,                             Appellee.

__________________________________________________________________

 

                           On
appeal from the County Court at Law

                                    of
San Patricio County, Texas.

__________________________________________________________________

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                                 Memorandum
Opinion Per Curiam

 

This is an attempted appeal concerning a dispute over the
purchase and installation of an allegedly defective spa.  Finding that there is no final appealable
judgment, we dismiss the appeal for lack of jurisdiction.








                                                      Background

Danny Chapman brought suit against Gary=s Pool & Patio
a/k/a Pool & Patio (AGary=s Pool@) in justice of
the peace court, precinct no. 2, of San Patricio County, for deceptive trade
practices in connection with Chapman=s purchase of a
spa.  Chapman received a verdict in his
favor.  








Gary=s Pool appealed to county court.  Chapman=s answer included,
inter alia, a request for attorney=s fees.  Chapman moved to dismiss the appeal as
untimely.  The county court denied this
motion on August 4, 2004.  Chapman then
moved to dismiss the appeal for lack of prosecution and requested forfeiture of
the $5,000 appeal bond.  On June 16,
2005, the trial court granted Chapman=s motion and
dismissed the appeal, but did not address Chapman=s request for bond
forfeiture or his request for attorney=s fees.  Chapman then moved for entry of judgment and
forfeiture of the appeal bond.  On
September 8, 2005, the trial court held a hearing and, determining that it
lacked jurisdiction over the case, denied Chapman=s motions.  That same day, Chapman filed a notice of
appeal regarding the trial court=s order of August
4, 2004, denying his motion to dismiss, the order of June 16, 2005, dismissing
the case without addressing bond, and the trial court=s ruling at the
hearing on September 8, 2005, wherein the trial court found it lacked
jurisdiction over the case.  The trial
court=s written order
denying the motion for entry of judgment and forfeiture of bond was not
rendered until September 14, 2005.

                                                      Jurisdiction

Unless one of the sources of our authority specifically
authorizes an interlocutory appeal, we only have jurisdiction over an appeal
taken from a final judgment.  Lehmann
v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Parks v. Dewitt
County Elec. Coop., 112 S.W.3d 157, 161 (Tex. App.BCorpus Christi
2003, no pet.).  Absent an express grant
of authority, we do not have jurisdiction to review an interlocutory order.  Steeple Oil & Gas Corp. v. Amend, 394
S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon
Supp. 2005).  Therefore, we must
ascertain whether the final order at issue in this appeal constitutes a final
judgment.  Parks, 112 S.W.3d at
161. 








A judgment is final if it disposes of all pending parties
and claims in the record.  Guajardo v.
Conwell, 46 S.W.3d 862, 863‑64 (Tex. 2001) (per curiam).   In cases in which only one final and
appealable judgment can be rendered, a judgment issued without a conventional
trial is final for purposes of appeal if and only if either it actually
disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final
judgment.  Lehmann, 39 S.W.3d at
204; Parks, 112 S.W.3d at 161. 
The law does not require that a final judgment be in any particular
form.  Lehmann, 39 S.W.3d at 204; Parks,
112 S.W.3d at 161.  Therefore, whether a
decree is a final judgment must be determined from its language and the record
in the case.  Lehmann, 39 S.W.3d
at 204; Parks, 112 S.W.3d at 161. 
        We acknowledge that an
appellate court must not dismiss an appeal for formal defects or procedural
irregularities without allowing a reasonable time to correct those
matters.  See Tex. R. App. P. 44.3.  Nor may an appellate court dismiss an appeal
if a trial court's erroneous action or inaction prevents the proper
presentation of an appeal and can be corrected. 
See Tex. R. App. P.
44.4(a).  In this case, however, the
record does not affirmatively reflect that a final judgment was rendered in the
case disposing of all claims and parties.  
The order of dismissal neither addresses Chapman=s request for bond
forfeiture nor his request for attorney=s fees.  Unaddressed claims and parties properly
before the court are not matters we can construe as merely perfunctory or
ministerial.  In Lehmann, the
supreme court stated that an appellate court could abate an appeal if there was
uncertainty about the intended finality of the trial court's orders.  Lehmann, 39 S.W.3d at 206; see also Tex. R. App. P. 27.2. Here, however,
the record reflects that claims remain in the suit and, while the trial court
and the parties may have presumed all claims and parties were disposed of, we
cannot speculate as to the intended disposition of the remaining claims based
on an absence of their mention in the record.

Significantly, we note that there is a dispute between the
parties as to the effect of the trial court=s dismissal of the
appeal without reference to forfeiture of the appeal bond or other discussion
as to the substantive disposition of the case. 
Chapman contends it was error for the trial court not to award him all
of the relief he requested, that is, a judgment including attorney=s fees and
forfeiture of the appeal bond.  In
contrast, Gary=s Pool contends that  his perfection of an appeal[1]
to county court from a justice court for trial de novo vacated and annulled the
judgment of the justice court.  See
Williams v. Schneiber, 148 S.W.3d 581, 583 (Tex. App.BFort Worth 2004,
no pet.).  In other words, according to
Gary=s Pool, the parties
are returned to their original positions and Chapman loses his verdict.

 








                                                      Conclusion

Our review of the record reveals substantive claims and
issues which have not been addressed by the trial court.  These matters are not perfunctory or
ministerial, and accordingly, we have no authority to abate the appeal to allow
a resolution.  Parks, 112 S.W.3d
at 161.  The order at issue in this case
is interlocutory, and accordingly, we dismiss this appeal for want of
jurisdiction.  Any pending motions are
likewise dismissed as moot.

PER CURIAM

 

Memorandum Opinion delivered and filed

this the 19th day of January, 2006.

 

 

 











[1] To perfect an appeal from justice court, an appellant must file an
appeal bond with the justice of the peace within 10 days from the date a
judgment or order overruling a motion for new trial is signed.  Tex.
R. Civ. P. 571.  In this case,
judgment was entered June 16, 2004, but the bond was not filed until March 4,
2004.  The bond was apparently mailed to
the wrong court, that is, the county court and not the justice court.  Chapman moved to dismiss the appeal on
grounds the appeal bond was not timely filed, but the county court denied the
motion.  Whether or not Gary's Pools did
file its bond timely is the subject of one of the reporter's records which is
not currently part of the record before this Court.  If Gary's Pools did not file its appeal bond
timely, which is a question of law that is reviewed de novo, then the county
court never obtained jurisdiction of the appeal and Chapman's verdict would
remain intact.  Williams v. Schneiber,
148 S.W.3d 581, 583 (Tex. App.BFort Worth 2004, no pet.). 
Given the procedural posture of this case, this issue is not properly
before the Court and we express no opinion herein regarding the merits of this
issue.