NUMBER 13-05-383-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

WILLIAM H. BERRY,                                                 Appellant,

 

                                           v.

 

NUECES
COUNTY,                                                    Appellee.

 

 

 

             On appeal from the County
Court at Law No. 2

                           of Nueces
County, Texas.

 

 

 

            DISSENTING MEMORANDUM OPINION

 

          Before Chief Justice Valdez and Justices Yanez
and Castillo

                Dissenting Memorandum Opinion by Justice Castillo

 








Appellant William H.
Berry, Jr. filed a plea in intervention[1]
ostensibly to preserve and protect his claim to attorney fees and expenses
under a written contract with a settling party who retained other counsel.  The parties to the underlying suit
settled.  After the trial court granted
the dismissal order, Berry expanded his intervention petition on grounds that,
after actual and constructive  notice of
his contingent attorney fee claim,[2]
Nueces County wrongfully paid his attorney fee and expenses interest in the
underlying suit to Berry's former client and her current counsel.  The trial court granted Nueces County's plea
to the jurisdiction and this appeal ensued. 








Concluding that Berry
does not have standing to assert a claim against Nueces County because, among
others,  it fully paid out all settlement
proceeds and is no longer liable to Berry's former client, the majority (1)
holds that the trial court lacked subject matter jurisdiction over Berry's
claims against Nueces County, (2) vacates the trial court's order on the plea
to the jurisdiction, and (3) dismisses the appeal for lack of
jurisdiction.  Respectfully, I disagree
that Berry lacks standing.  He asserted
his claim to attorney fees and expenses, filed his pleading in intervention,
and preserved that claim by securing the trial court's order to that
effect.  Because Berry's interest in the
lawsuit was not recognized by the settlement between Nueces County, his former
client and her retained counsel, Berry was entitled to prosecute his live
intervention petition.  See Honeycutt
v. Billingsley, 992 S.W.2d 570, 584-85 (Tex. App.BHouston [1st Dist.]
1999, pet. denied) (authorizing, as a matter of law,  recovery where settling defendant had actual
knowledge of an attorney's interest in the lawsuit).   In this case, by his intervention petition,
Berry provided actual notice of his claim based on an enforceable attorney fee
contract in place.  To conclude, as the
majority does, that Nueces County had no knowledge that Berry might assert a
claim against it instead of Thornton, disregards the proceedings at the core of
an intervention action, and, in the context of this case, the trial court's
order permitting the claim.[3]   As a matter of law, Berry was authorized to
prosecute his claim.  See Billingsley,
992 S.W.2d at 584-85.  By the authorized
intervention action, Nueces County had actual knowledge of Berry's claim and
circumvention of the claim was at its own peril.  See id.  

I turn to the question
of our jurisdiction over this appeal and expressly limit my discussion to the
effect of the majority's disposition.[4]   The majority vacates the trial court's order
on the plea to the jurisdiction from which Berry appealed.   The remaining order is the dismissal with
prejudice.  That order states: 

Order Granting
Plaintiff's Agreed Motion to Dismiss with Prejudice








On this day the Court
took Plaintiff's Agreed Motion to Dismiss with Prejudice under submission.  By his signature below, Plaintiff Thornton's
counsel authorized defense counsel to present this Order to the Court ex parte
for the Court's consideration.  Having
considered the Motion to Dismiss, the Court determines that it is well‑founded.

 

It is therefore
ORDERED, ADJUDGED and DECREED that Plaintiff's Agreed Motion to Dismiss with
Prejudice is GRANTED.   It is further
ORDERED, ADJUDGED and DECREED that all pending claims and counter‑claims
of any kind or character whatsoever are hereby DISMISSED WITH PREJUDICE.     

 

Because the order does
not affirmatively dispose of Berry's claim for attorney fees,  the order is not final.  See Parks v. Dewitt County Elec. Coop.,
112 S.W.3d 157, 162 (Tex. App.BCorpus Christi 2003,
no pet.).  Accordingly, we would lack
jurisdiction because the trial court's order left in effect by the majority's
disposition is not final.  See id.
at 165. However, the question of Berry's attorney fee claim is not a
perfunctory issue and we must remand for a trial of that live claim.  Id.  


 

ERRLINDA CASTILLO

Justice

 

 

 

Dissenting Memorandum Opinion delivered 

and filed this 11th day of May, 2006.

 











[1]The trial court entered an order
granting the intervention "for his claim for reasonable, necessary,
customary, and contractual, attorney fees and out of pocket expenses pursuant
to his fee agreement." 





[2]In a civil case, we accept as true
the facts stated unless another party contradicts them.  See Tex.
R. App. P. 38.1(f).  





[3]See note 1.





[4]Our initial inquiry is always
whether we have jurisdiction over an appeal. Garcia v. Comm'rs Court of
Cameron County, 101 S.W.3d 778, 779 (Tex. App.BCorpus Christi 2003, no pet.)
(citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443
(Tex. 1993)). We are obligated to determine, sua sponte, our own jurisdiction. Id.
(citing N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678
(Tex. 1990) (per curiam)). In dismissing this appeal for want of jurisdiction,
we must first analyze the claims brought by the parties.  Id.