NUMBER 13-04-449-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JUAN MARIO VILLAFANI, M.D.,                                 Appellant,

 

                                           v.

 

ADELA
TREJO,                                                         Appellee.

 

 

 

                  On appeal from the 197th
District Court

                          of Cameron
County, Texas.

 

 

 

            DISSENTING MEMORANDUM OPINION

ON
MOTION FOR CONSIDERATION EN BANC

 

Before
the Court En Banc

Dissenting
Memorandum Opinion by Justice Castillo

 








This case is now
before the Court on motion for consideration en banc.  See  Tex. R. App. P. 41.2(c), 49.7.  Appellant, Juan Mario Villafani maintains
that the majority panel opinion leaves him without an adequate remedy at law
because it conflicts with well-settled precedent, including our own.  Respectfully, I agree.  Accordingly, I disagree with the majority's
denial of his motion for consideration en banc.

I.  The Opinion

The trial court denied
Villafani's motion for dismissal and sanctions for failure to file an expert
report that complied with former article 4590i of the Texas Revised Civil
Statutes.[1]  After appellee's non-suit and the trial
court's dismissal without prejudice, Villafani appealed.  The majority panel opinion determined the
order denying Villafani's motion was interlocutory, subsequently rendered moot
by the dismissal of the case, and vitiated by the non-suit.  Concluding that rule 162 of the Texas Rules
of Civil Procedure cannot be a basis for jurisdiction, the majority dismissed
the appeal for lack of jurisdiction.  See
Tex. R. Civ. P. 162.  

II.  En Banc Consideration








Villafani maintains in
part that, under Felderhoff v. Knauf, 819 S.W.2d 110, 111 (Tex. 1991)
(per curiam), a non-suit does not act as a waiver, bar or adjudication
precluding plaintiffs from complaining on appeal of monetary sanctions granted
before the non-suit and, conversely, the denial of monetary sanctions is
likewise not precluded.  Villafani also
asserts that en banc consideration is necessary because the opinion conflicts
with this Court's decisions as to finality, among others.  The majority disagrees.

Because the question
of jurisdiction is a legal question, we follow the de novo standard of
review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998); Parks v. Dewitt County Elec. Coop., 112
S.W.3d 157, 160 (Tex. App.BCorpus Christi 2003,
no pet.).  Absent an express grant of
authority, we do not have jurisdiction to review an interlocutory order.   See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp.
2005); Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex.
1965) (per curiam).  The law does not
require that a final judgment be in any particular form.  Parks, 112 S.W.3d at 161 (citing
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001)).  In this case, the interlocutory order denying
Villafani's motion became final when the trial court dismissed the case.  We have jurisdiction over a final order.  See Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992). 








In this case, the
order denying Villafani's motion to dismiss became final and appealable.   Lehmann, 39 S.W.3d at 195.  Villafani timely perfected his appeal of a
final order.  See Tex. R. App. P. 25.1(b), 26.1(a),
33.1(a)(1).  We have jurisdiction.  See  Anglin, 842 S.W.2d at 272.  A dismissal of the appeal for lack of
jurisdiction is without basis in law or in fact.  Because the majority opinion presents a
conflict with this Court's precedent as to our jurisdiction, respectfully, I
would grant en banc consideration.  Tex. R. App. P.  41.2(c); see also Tex. R. App. P. 49.7. 

III. Conclusion 

To maintain uniformity
of our decisions as to our jurisdiction, I would grant the motion.  

ERRLINDA CASTILLO

Justice

 

 

 

Dissenting Memorandum Opinion delivered and 

filed this the 11th day of May, 2006.

 











[1] See Medical Liability and Insurance
Improvement Act of Texas, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039,
repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, '10.09, 2003 Tex. Gen. Laws 847, 884
(current version at Tex. Civ. Prac.&
Rem. Code Ann. '74.001‑.507 (Vernon
2005)).  Because the repealed act was in
effect at the time Trejo filed this lawsuit, I will refer to it by its former
statutory designation, article 4590i.