**DISMISS; and Opinion Filed March 25, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01317-CV

### KERRVILLE FITNESS PROPERTY, L.L.C.,
### J. HOUSER CONSTRUCTION, INC., AND
### JOSH HOUSER D/B/A HOUSER CONSTRUCTION, Appellants
### V.
### PE SERVICES, L.L.C., LANDRY ARCHITECTS,
### AND FABRISTRUCTURE, INC., Appellees

### On Appeal from the 134th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-14-05761

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and O'Neill[1]
Opinion by Justice O'Neill

Kerrville Fitness Property, L.L.C., J. Houser Construction, Inc., and Josh Houser d/b/a

Houser Construction appeal the trial court's order granting summary judgment in favor of PE

Services, L.L.C., Landry Architects, and Fabristructure, Inc., and dismissing the claims against

them. The appeal is dismissed for want of jurisdiction.

Kerrville filed suit against J. Houser Construction, Houser, PE Services, Landry Architects,

and Fabristructure, asserting claims that arose out of a construction project. Those claims included

breach-of-contract claims against J. Houser Construction and negligent-misrepresentation claims

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

against J. Houser Construction and Houser. Also, J. Houser Construction filed cross-claims against Landry Architects and Fabristructure.

During the course of the litigation, Kerrville entered into a "Liquidating Agreement" with J. Houser Construction and Houser. PE Services, Landry Architects, and Fabristructure filed motions for summary judgment on Kerrville's claims against them and J. Houser Construction's cross-claims. Those motions for summary judgment were based on the alleged nature and effect of that "Liquidating Agreement." On August 17, 2017, the trial court granted the motions for summary judgment and dismissed Kerrville and J. Houser Construction's claims against PE Services, Landry Architects, and Fabristructure. The trial court did not dismiss or otherwise expressly dispose of Kerrville's claims against J. Houser Construction or Josh Houser. Although the order states that "[a]ll relief not expressly granted is hereby denied," it does not state it is a "final judgment." The inclusion of a Mother Hubbard clause, i.e., the statement "all relief not granted is denied," does not indicate that a judgment rendered without a conventional trial on the merits is final for purposes of appeal. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001).

Generally, this Court has jurisdiction only over appeals from final judgments and certain interlocutory orders. *See Lehmann*, 39 S.W.3d at 195; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. When there has not been a conventional trial on the merits, an order or judgment must actually dispose of all claims pending in the case or state with "unmistakable clarity" that it is a final judgment. *See Lehmann*, 39 S.W.3d at 192–93, 205; *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.—Dallas 2011, no pet.). Because the trial court's summary-judgment order was not a final order, we directed the parties to file letter briefs explaining how this Court has jurisdiction over this interlocutory order.

In response to the Court's request, Kerrville, J. Houser Construction, and Houser filed a letter brief asserting this Court has jurisdiction over the appeal because Kerrville non-suited its claims against J. Houser Construction and Houser. Attached to the letter brief was a notice of non-suit filed in the trial court on December 21, 2018.[2] The notice of non-suit advised the trial court that "[t]his notice of non[-]suit becomes effective immediately upon the filing and requires no action by the [trial court]." *See* TEX. R. CIV. P. 162 (notice of non-suit shall be entered in minutes and served on parties without necessity of court order). The Court has not received a supplemental clerk's record containing an order granting the non-suit and dismissing Kerrville's claims against J. Houser Construction and Houser. Appellate timetables do not run from the date the non-suit is filed, but from the date the trial court signs the order of dismissal. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997).

Normally, we would abate the appeal pursuant to Texas Rule of Appellate Procedure 27.2 to allow the trial court the opportunity to cure the jurisdictional defect. *See* TEX. R. APP. P. 27.2; *Parks v. DeWitt Cty. Elec. Co-op, Inc.,* 112 S.W.3d 157, 163 (Tex. 2003). However, in this case the notice of non-suit referenced and attached an agreement ("Tolling Agreement") among Kerrville, J. Houser Construction, and Houser to toll the statute of limitations for any claims that Kerrville may have against J. Houser Construction and Houser. That Tolling Agreement along with the filing of the nonsuit of the contract claim by Kerrville against J. Houser Construction and Houser is a substantive modification of the "Liquidating Agreement" that was the basis for the trial court's interlocutory summary judgment order. As a result, the trial court's disposition of the nonsuit is a judicial act, rather than a ministerial act, and the trial court should have an opportunity to resolve the issue. *See Parks,* 112 S.W.3d at 163–64. Accordingly, dismissal rather than abatement is the appropriate remedy. *See id.*

---

[2] The notice of nonsuit is included in a supplemental clerk's record filed in this Court.

–3–

We conclude trial court's order granting summary judgment is interlocutory. Also, this appeal does not fall within the provisions of section 51.014 of the Texas Civil Practice and Remedies Code, the statute permitting interlocutory appeals of certain orders. *See* CIV. PRAC. & REM. § 51.014. Accordingly, this Court does not have jurisdiction over this appeal.

The appeal is dismissed for want of jurisdiction.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED


171317F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KERRVILLE FITNESS PROPERTY, L.L.C., J. HOUSER CONSTRUCTION, INC., AND JOSH HOUSER D/B/A HOUSER CONSTRUCTION, Appellants

No. 05-17-01317-CV      V.

PE SERVICES, L.L.C., LANDRY ARCHITECTS, AND FABRISTRUCTURE, INC., Appellees

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-05761.
Opinion delivered by Justice O'Neill. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees PE SERVICES, L.L.C., LANDRY ARCHITECTS, AND FABRISTRUCTURE, INC. recover their costs of this appeal from appellants KERRVILLE FITNESS PROPERTY, L.L.C., J. HOUSER CONSTRUCTION, INC., AND JOSH HOUSER D/B/A HOUSER CONSTRUCTION.

Judgment entered this 25th day of March, 2019.