**DISMISS and Opinion Filed February 28, 2022**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

_____

## No. 05-21-01062-CV
_____

**ANDREW WOODRUM, Appellant**

**V.**

**WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC.,
WAL-MART, INC., WAL-MART REAL ESTATE BUSINESS TRUST,
MARSHALL HENRY, AND BRIAN SPEIGHTS, Appellees**

**On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-08052**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Garcia
Opinion by Justice Garcia

Appellant appeals from the trial court's November 5, 2021 order granting

summary judgment in favor of appellees Wal-Mart Stores Texas, LLC, Wal-Mart

Stores, Inc., Wal-Mart, Inc., and Wal-Mart Real Estate Business Trust (collectively

Wal-Mart). Because the order did not dispose of appellant's claims against appellees

Marshall Henry and Brian Speights, Wal-Mart has filed a motion to dismiss the

appeal for want of jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191,

195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may be taken only

from final judgment that disposes of all parties and claims).

In his response to the motion to dismiss, appellant agrees that the order is interlocutory, explains that he has filed a motion to sever the claims against appellees Henry and Speights, and asks that we abate the appeal pending the trial court's ruling on his motion to sever set for hearing on April 8. Wal-Mart filed a reply noting that a severance order will not resolve all issues because the appealed order granted its first motion for summary judgment as opposed its "live" third motion for summary judgment. *See KSWO Television Co. v. KFDA Operating Co., LLC*, 442 S.W.3d 695, 699 (Tex. App.—Dallas 2014, no pet.) (amended motion for summary judgment supersedes the previous motion which can no longer be considered), *see also King v. Regions Bank*, No. 02-15-00201-CV, 2016 WL 2586663 (Tex. App.—Fort Worth May 5, 2016, no pet.) (reversing summary judgment order that failed to grant live summary judgment motion before the trial court). Wal-Mart has filed a motion to modify the order granting summary judgment to reflect the proper motion for summary judgment granted by the trial court.[1] This motion is set to be heard on April 8 as well. Nothing in the record before us reflects determination of appellees' motion to modify will be perfunctory. *See Parks v. DeWitt Cty. Elec. Coop., Inc.*, 112 S.W.3d 157, 163 (Tex. App.—Corpus Christi 2003, no pet.) (declining to abate to allow trial court to dispose of statutory counterclaim for attorney's fee because

---

[1] This motion was filed on February 9, 2022 and is viewable on the trial court's website.

–2–

determination of counterclaim "require[d] more than the determination of 'perfunctory issues' ").

Because this appeal was filed on December 6, 2021, the earliest the motions to sever and modify will be determined is April 8, and the determination of the motion to modify is more than a ministerial act, we decline to abate the appeal pending resolution below.  We grant appellees' motion and dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a); *Lehmann*, 39 S.W.3d at 195.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

211062F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANDREW WOODRUM, Appellant

No. 05-21-01062-CV      V.

WAL-MART STORES TEXAS,
LLC, WAL-MART STORES, INC.,
WAL-MART, INC., WAL-MART
REAL ESTATE BUSINESS
TRUST, MARSHALL HENRY,
AND BRIAN SPEIGHTS, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08052.
Opinion delivered by Justice Garcia.
Justices Myers and Molberg
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., WALMART INC., WAL-MART REAL ESTATE BUSINESS TRUST, MARSHALL HENRY, AND BRIAN SPEIGHTS recover their costs of this appeal from appellant ANDREW WOODRUM.

Judgment entered February 28, 2022

–4–