

# NUMBER 13-22-00097-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DOROTHY SANDS, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE
ESTATE OF CECILIA STANFORD,
DECEASED, AND JULIE STANFORD,**          **Appellants,**

**v.**

**AUTOZONE, INC.,**          **Appellee.**

---

**On appeal from the County Court at Law No. 4
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

This cause is before the Court on its own motion. On March 14, 2022, appellants Dorothy Sands, individually and as representative of the estate of Cecilia Stanford, deceased, and Julie Stanford filed a notice of appeal regarding a December 15, 2021

summary judgment disposing of their causes of action against AutoZone Parts, Inc., "erroneously sued as AutoZone, Inc." (AutoZone). On April 21, 2022, this Court notified appellants that it appeared that there was no final, appealable judgment, directed appellants to correct this defect, if possible, and advised appellants that the appeal would be dismissed for want of jurisdiction if the defect was not corrected. *See* TEX. R. APP. P. 42.3. Appellants did not respond to the Court's directive or otherwise correct the defect. *See id.*

In the instant case, appellants filed suit against AutoZone and Dacota Deryl Lee Deaver. AutoZone filed two separate motions for summary judgment on appellants' claims, and the record indicates that the trial court granted those motions for summary judgment on February 8, 2021, and December 15, 2021. The record also reflects that AutoZone filed a motion requesting the trial court to sever appellants' claims against it from appellants' pending claims against Deaver. However, the record before the Court fails to contain an order granting AutoZone's motion to sever, or otherwise severing appellants' claims against Deaver.

"Usually, only final judgments are subject to appeal." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all parties and claims in the record. *See id.* at 195; *see also Sherer v. Sherer*,

2

393 S.W.3d 480, 486 (Tex. App.—Texarkana 2013, pet. denied) (stating that a judgment "cannot be final as to some issues but not other issues"). "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Lehmann*, 39 S.W.3d at 195; *see also Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (stating that the question of whether appellate jurisdiction exists cannot be waived or settled by agreement of parties). If the record before the Court does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *See IFS Sec. Grp., Inc. v. Am. Equity Ins.*, 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.); *Parks v. DeWitt Cnty. Elec. Coop., Inc.*, 112 S.W.3d 157, 160 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see Lehmann*, 39 S.W.3d at 199–200.

In this case, the trial court's December 15, 2021 summary judgment was not a final judgment because it disposed of appellants' claims against AutoZone, but not appellants' claims against Deaver. We conclude that the record does not contain a judgment that is final for purposes of appeal, and there is no statute providing for consideration of this interlocutory order. *See Lehmann*, 39 S.W.3d at 195. Because the record does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *See id.* at 199–200; *IFS Sec. Grp., Inc.*, 175 S.W.3d at 562; *Parks*, 112 S.W.3d at 160.

The Court, having considered the record, the applicable law, and appellants' failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed

for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Accordingly, we dismiss the appeal for lack of jurisdiction. *See id.*

JAIME TIJERINA
Justice

Delivered and filed on the
12th day of May, 2022.

4