

# NUMBER 13-22-00155-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CORNEL MARTON, INDIVIDUALLY
AND ON BEHALF OF MINOR CHILD, Z.M.,**          **Appellant,**

**v.**

**STEPHEN DUBNER,**          **Appellee.**

---

### On appeal from the 414th District Court
### of McLennan County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

This cause is before the Court on its own motion.[1] On March 25, 2022, appellant

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. By separate memorandum opinion issued on this same date, we denied alternative relief sought by appellant in this cause. *See In re Marton*, No. 13-22-00235-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg May 26, 2022, orig. proceeding) (mem. op.).

Cornel Marton, individually and on behalf of minor child, Z.M., filed a pro se notice of appeal regarding an order dismissing appellant's claims against Stephen Dubner. *See* TEX. R. CIV. P. 91a. On May 10, 2022, this Court notified appellant that it appeared that there was no final, appealable judgment, directed appellant to correct this defect, if possible, and advised appellant that the appeal would be dismissed for want of jurisdiction if the defect was not corrected. *See* TEX. R. APP. P. 42.3. Appellant filed a letter response asserting, inter alia, that "the judge never gave [him] a fair opportunity to have [his] case tried before the court as English is not [his] native language" and that "[t]o dismiss [his] appeal at this point and to require [him] to wait until all of [his] case is final is very inefficient and harms [his] ultimate case against . . . Dubner."

In the instant case, appellant filed suit against Dubner and Axtell Independent School District, J.R. Proctor, Steve January, Lacy Hollingsworth, Karen Brannen, Penny Kocian, Brandon Dietrich, Paul Briggs, Emmy Briggs, and Sunny Beseda. Dubner filed an "Original Answer, Special Exceptions, and Motion to Dismiss Baseless Causes of Action." On March 2, 2022, the trial court granted Dubner's motion to dismiss appellant's claims against him. The record before the Court fails to contain an order of severance, any orders resolving appellant's claims against the remaining defendants, or a final judgment.

"Usually, only final judgments are subject to appeal." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con*

2

*Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all parties and claims in the record. *See id.* at 195; *see also Sherer v. Sherer*, 393 S.W.3d 480, 486 (Tex. App.—Texarkana 2013, pet. denied) (stating that a judgment "cannot be final as to some issues but not other issues"). "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Lehmann*, 39 S.W.3d at 195; *see also Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (stating that the question of whether appellate jurisdiction exists cannot be waived or settled by agreement of parties). If the record before the Court does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *See IFS Sec. Grp., Inc. v. Am. Equity Ins.*, 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.); *Parks v. DeWitt Cnty. Elec. Coop., Inc.*, 112 S.W.3d 157, 160 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see Lehmann*, 39 S.W.3d at 199–200.

In this case, the trial court's March 2, 2022 order of dismissal was not a final judgment because it disposed of appellant's claims against Dubner, but not appellant's claims against Axtell Independent School District, J.R. Proctor, Steve January, Lacy Hollingsworth, Karen Brannen, Penny Kocian, Brandon Dietrich, Paul Briggs, Emmy Briggs, or Sunny Beseda. We conclude that the record does not contain a judgment that is final for purposes of appeal, and there is no statute providing for consideration of this interlocutory order. *See Lehmann*, 39 S.W.3d at 195. Because the record does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal.

3

*See id.* at 199–200; *IFS Sec. Grp., Inc.*, 175 S.W.3d at 562; *Parks*, 112 S.W.3d at 160.

The Court, having considered the record, the applicable law, and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Accordingly, we dismiss the appeal for want of jurisdiction. *See id.*

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of May, 2022.

4