

# NUMBER 13-24-00445-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PERRYSBURG, LLC, PAOLO PLAZA,
AND WALTER PLAZA,                                          Appellants,

v.

JOSE ALBERTO MARTINEZ-SOTO
AND YESSICA LIZBETH MARTINEZ-SOTO,
INDIVIDUALLY AND AS ASSIGNEE OF
MARCO ANTONIO FLORES VILLARREAL,                          Appellees.

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron**

This cause is before the Court on its own motion. On September 10, 2024,

appellants Perrysburg, LLC (Perrysburg), Paola Plaza, and Walter Plaza (the Plazas) filed

a notice of appeal of a summary judgment rendered against them on August 27, 2024. On November 21, 2024, the Clerk of the Court notified appellants that it appeared that there was no final, appealable judgment, directed appellants to correct this defect, if possible, and advised appellants that the appeal would be dismissed for want of jurisdiction if the defect was not corrected. *See* TEX. R. APP. P. 42.3. Appellants did not respond to the Court's directive or otherwise correct the defect. *See id.*

Our review of the clerk's record indicates that there is no final, appealable judgment. Plaintiffs Jose Alberto Martinez-Soto and Yessica Lizbeth Martinez-Soto, individually and as assignee of Marco Antonio Flores Villarreal, have pending claims against Perrysburg, and Perrysburg has pending claims against Jose, Equity, LLC, Villarreal, and Sharyland Residential Community Property Owners Association.

"Usually, only final judgments are subject to appeal." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all parties and claims in the record. *See id.* at 195; *see also Sherer v. Sherer*, 393 S.W.3d 480, 486 (Tex. App.—Texarkana 2013, pet. denied) (stating that a judgment "cannot be final as to some issues but not other issues"). "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Lehmann*, 39 S.W.3d at 195; *see also Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm*

*Revocable Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (stating that the question of whether appellate jurisdiction exists cannot be waived or settled by agreement of parties). If the record before the Court does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *See IFS Sec. Grp., Inc. v. Am. Equity Ins.*, 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.); *Parks v. DeWitt Cnty. Elec. Coop., Inc.*, 112 S.W.3d 157, 160 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see Lehmann*, 39 S.W.3d at 199–200.

We conclude that the record does not contain a judgment that is final for purposes of appeal, and there is no statute providing for consideration of an interlocutory order. *See Lehmann*, 39 S.W.3d at 195. Because the record does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *See id.* at 199–200; *IFS Sec. Grp., Inc.*, 175 S.W.3d at 562; *Parks*, 112 S.W.3d at 160.

The Court, having considered the record, the applicable law, and appellants' failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Accordingly, we dismiss the appeal for want of jurisdiction. *See id.*

JENNY CRON
Justice

Delivered and filed on the
6th day of March, 2025.

3