IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00377-CR

 

Miguel Bethencourt,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. F39522

 



MEMORANDUM  Opinion










 

            Miguel Bethencourt appealed
the revocation of his community supervision.  He has now filed a motion
requesting this Court to dismiss the appeal.  Bethencourt personally signed the
motion to dismiss.

            Accordingly, the appeal is
dismissed.  Tex. R. App. P.
42.2(a).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed 

Opinion
delivered and filed March 16, 2011

Do
not publish 

[CR25]






160;                                                                        
DISSENTING OPINION
                                                                                                                

      This is a case in which we have the opportunity to make what is clearly a policy decision
for how our court will operate. These opportunities are rare. The issue to be decided is when
it is clear that we do not have jurisdiction, should we abate the appeal so that some action may
be taken that will give us jurisdiction or do we notify the parties that we question our
jurisdiction, giving them the opportunity to respond and explain why we do have jurisdiction
before the appeal is dismissed.
      The answer, once clear, has been clouded by a recent line of cases which will be discussed
later. But the jumping-off-point for this discussion must be what can a court do to decide if it
has jurisdiction as distinguished from what can a court do once it decides it has no jurisdiction.
      It has often been said that a court always has jurisdiction to determine its own jurisdiction.
See generally N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677 (Tex. 1990). See also
Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); Garcia v. Comm’rs Court of
Cameron County, 101 S.W.3d 778, 779 (Tex. App.—Corpus Christi 2003, no pet.); In re
Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding);
American Home Prods. Corp. v. Clark, 999 S.W.2d 908, 911 (Tex. App.—Waco 1999)(Gray,
J., dissenting), aff’d 38 S.W.3d 92 (Tex. 2000). In this context, a court has the authority to
order the parties, the lower court, the clerk, or the reporter to take certain actions to assist the
court in deciding whether it has jurisdiction. See Tex. R. App. P. 43.6.
      It is equally well-accepted that an order or judgment of a court without jurisdiction is void. 
Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990); Jordan v. State, 54 S.W.3d 783,
785 (Tex. Crim. App. 2001). And once a court determines that it has no jurisdiction, “its only
legitimate choice is to dismiss.” State v. Morales, 869 S.W.2d 941, 949 (Tex. 1994); see also
El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.—Houston
[14th Dist.] 1994, no pet).
      Recently, there has been confusion created by these two lines of authority. 
      Indeed, the majority would have the reader believe that the continued vitality of an opinion
can be determined by reviewing who was on the court, who wrote the opinion, and what the
current make-up of the court is. If that is where the judicial system is in relation to the concept
of stare decisis, the judicial doctrine of precedent, then I understand why our credibility as an
institution is under attack. I have no doubt that if a majority of the Texas Supreme Court were
going to overrule State v. Morales in Lehmann,


 given the thorough discussion of the issues,
they would have expressly done so.
      The misconception of my colleagues comes from the failure to differentiate between
abating a case to allow the parties time to do something and, as part of abating a case, ordering
a certain activity to occur. There is a very real distinction between these two courses of
conduct. For if we have determined we have no jurisdiction, even to the point of so stating in
the abatement order, anything we order someone to do is void. It has to be. We have no
jurisdiction.
      The other course of action is entirely supported by the precedent cited herein. We can
abate the appeal and allow the parties time to take some action; some action that will result in
giving us jurisdiction. The consequence of their failure to take the action that gives us
jurisdiction is to dismiss the appeal.
Determining Jurisdiction
      Of course, as alluded to above, there is a third course of action applicable in some
situations. When a court cannot determine, on the record presented, if it has jurisdiction, it
can order that certain limited actions be taken so that the court can decide the question of its
jurisdiction. This is precisely what this court has previously done which was validated by the
Texas Supreme Court. In American Home Products, we were unable to determine, based upon
the order appealed, whether it was a venue question over which we had no jurisdiction or a
joinder of parties question over which we would have jurisdiction. See American Home
Products Corp. v. Clark, 3 S.W.3d 57 (Tex. App.—Waco 1999, order). In this circumstance,
we ordered the trial court to clarify the basis of the order so that we could decide the issue of
our jurisdiction. Id. at 58. American Home Products complained to the Texas Supreme Court
that our action was improper. American Home Products Corp. v. Clark, 38 S.W.3d 92 (Tex.
2000). The Supreme Court disagreed, stating, “Here the court of appeals complied with Rule
44.4 in requiring the trial court to enter a clarifying order to allow a proper presentation of the
appeal.” Id. at 97 (emphasis added).
      Thus, it is crucial to a proper analysis to determine whether, based on the record before
us, we can determine we have jurisdiction of the case. If we are unable to make such a
determination, we can render an order which will allow us to determine our jurisdiction.
      But if we have determined we have no jurisdiction, we must then decide do we dismiss the
appeal, after notice to the parties, or do we want to give the parties notice and the opportunity
to cure the defect by abating the appeal. The answer is...it depends.
      A perfect example of the use of an abatement is Iacono. Iacono v. Lyons, 6 S.W.3d 715
(Tex. App.—Houston [1st Dist.] 1999, order). In Iacono, the court of appeals determined it
had no jurisdiction. The trial court had signed a partial summary judgment which disposed of
the plaintiff’s claim against one party. The plaintiff then non-suited the only other party. The
court held that there was no final judgment until “...the trial court signs either an order
granting the nonsuit or a final judgment explicitly memorializing the nonsuit.” Id. at 716. 
Recognizing it had no jurisdiction to decide the issues presented, the court abated the appeal to
allow the parties to cure the defect and put them on notice the appeal would be dismissed if not
cured. Id.
      Critical to the decision in this case is that the entire burden, expressly including the cost of
the procedure, was placed on the party who was attempting to bring the appeal. The court
stated,
We retain continuing jurisdiction over this appeal, but we abate the appeal to give the
appellant 60 days after the date of this order to take action to cure the jurisdictional
defect and to pay for and request the district clerk to file a supplemental clerk's record
containing a signed order granting the nonsuit or a signed final judgment that
explicitly memorializes the nonsuit. If such supplemental clerk's record is not filed in
this Court, we will dismiss the appeal for want of jurisdiction.

Iacono, 6 S.W.3d at 716. 
Lehmann and Permissive Abatement
      The majority cites only Lehmann and Rule 27.2 of the Texas Rules of Appellate Procedure
as authority to abate an appeal. But they fail to follow the teaching of Lehmann.
      The reader will note that there is no equivocation or uncertainty in the determination that
the order is not a final judgment. The majority states, “...it is not a final, appealable order.” 
Without question, the majority knows there is no appealable order in this case. The majority
cites Lehmann as authority for their decision to abate this appeal. They tell the reader, “The
Supreme Court has indicated that abatement is the proper procedural mechanism by which to
accomplish this.” The word “this” is in reference to their claim that the Supreme Court has
indicated abatement is the proper procedure to allow the trial court to make its order final.
      Specifically, for their support, the majority sends the reader to page 205 and footnote 92
of Lehmann. On page 205, I find, after a discussion of why Federal Rule of Procedure 58 has
not proven to be a viable solution to this problem, only a discussion of how to determine the
intent of the order; discussion that when applied to our facts leads to the unmistakable
conclusion that our judgment is not final. Abatement is never mentioned. And just as we are
about to turn the page to 206 of Lehmann, the Supreme Court begins a discussion that is
somewhat helpful to our determination that the order is not final. The Court states:
To determine whether an order disposes of all pending claims and parties, it may of
course be necessary for the appellate court [turn the page to 206] to look to the record
in the case. Thus, in the example just given, if the record reveals that there is only
one plaintiff and only one defendant, X, the order is final, but if the record reveals the
existence of parties or claims not mentioned in the order, the order is not final. On
the other hand, an order that expressly disposes of the entire case is not interlocutory
merely because the record fails to show an adequate motion or other legal basis for the
disposition. The record may help illumine whether an order is made final by its
language, so that an order that all parties appear to have treated as final may be final
despite some vagueness in the order itself, while an order that some party should not
reasonably have regarded as final may not be final despite language that might
indicate otherwise.
Lehmann, 39 S.W.3d at 205-206 (emphasis added).
      But the most pertinent statement to our discussion here comes from the next paragraph. 
We are told that, after looking at all the available documents in the manner discussed in the
preceding paragraphs, “If the appellate court is uncertain about the intent of the order, it can
abate the appeal to permit clarification by the trial court.” Id. at 206 (emphasis added). It is
at this point that the Lehman court, by footnote 92, refers the reader to Rule 27.2 of the Texas
Rules of Appellate Procedure. In this single sentence there are at least three indications that
the situation in our case is not an appropriate one in which to abate.
      First, as I indicated above, we are not uncertain. In fact, we all three agree the intent of
the order is not to render a final order which would be appealable. We all three agree it is not
a final judgment. We all three agree that under the existing state of the record we do not have
jurisdiction of the interlocutory order of which a complaint is made.
      Second, we do not need clarification of the order to determine our jurisdiction. We are
not abating this case so that the trial court can clarify its order which is the only procedure
discussed in connection with abatement in Lehmann wherein, at footnote 92, it references Rule
27.2.
      And finally, note the distinction as to what intent is important. It is the intent of the order
that must be uncertain, needing clarification, not the intent of the trial court. We are abating
this case to the trial court so that the trial court may take some further action, to render an
additional order, if it wants to, that would then give this court jurisdiction. We are not abating
this case because we are uncertain about the intent of the order or for the trial court to clarify
it.
      The majority simply ignores the language in Lehmann that “if the language of the order is
clear and unequivocal, it must be given effect despite any other indications that one or more
parties did not intend for the judgment to be final.” Lehmann, 39 S.W.3d at 206. Of course,
in our situation, the order is clear and unequivocal that no final judgment was intended.
—After Lehmann
      The majority fails to discuss the line of cases on this issue which has developed after
Lehmann. In McNally, the Supreme Court determined, based upon the face of the judgment, it
did not appear final, and because, upon examination of the record, it did not dispose of one of
the claims between the parties, it was not a final judgment. McNally v. Guevara, 52 S.W.3d
195, 196 (Tex. 2001). The Court remanded the appeal to allow the court of appeals “...to
determine whether to abate the appeal to permit the trial court to render a final judgment, Tex.
R. App. P. 27.2, or to dismiss the appeal for want of jurisdiction.” Id. (emphasis added). I
note that nowhere is it suggested that the court could order the trial court to make the judgment
final.
      Then came American Motorists. American Motorists Ins. Co. v. Fodge, 63 S.W.3d 801
(Tex. 2001). Again the Court articulated the permissive nature for the opportunity to cure, if
curable, a jurisdictional defect. In the words of the Supreme Court:
If a claim is not within a court's jurisdiction, and the impediment to jurisdiction
cannot be removed, then it must be dismissed; but if the impediment to jurisdiction
could be removed, then the court may abate proceedings to allow a reasonable
opportunity for the jurisdictional problem to be cured.

Id. at 805. While the majority is critical of my citation to State v. Morales, note the post-Lehmann, American Motorists Court relies on cases even older than Morales for this same
fundamental principle. Id. (citing Speer v. Stover, 685 S.W.2d 22, 23 (Tex. 1985) and Texas
Highway Dept. v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967)).
      And in Subaru, in reliance on American Motorists, the Supreme Court again gave us
guidance that we can abate to allow the trial court a reasonable opportunity to cure a
jurisdictional problem. Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d
212, 228 (Tex. 2002).
Abate or Dismiss
      I find two recent cases from Corpus Christi extraordinarily thoughtful and well reasoned
on this issue. Parks v. DeWitt County Elec. Co-op., Inc., 112 S.W.3d 157 (Tex.
App.—Corpus Christi 2003, no pet.); Garcia v. Comm’rs Court of Cameron County, 101
S.W.3d 778 (Tex. App.—Corpus Christi 2003, no pet.). Each case goes through the analysis
that we should to determine if the proper disposition would be to abate the appeal so that the
judgment may be made final or be dismissed.
      Parks conducts an excellent analysis of the circumstances under which an appeal should be
abated rather than dismissed. But it draws the line on an abatement if the trial court’s action
necessary to render a final judgment is more than ministerial. The court’s full discussion
under its heading, “Disposition,” is as follows:
In Lehmann, the supreme court stated that if an appellate court is uncertain about the
intent of a summary judgment order, it can abate the appeal to permit clarification by
the trial court. Lehmann, 39 S.W.3d at 196. In McNally, the supreme court
remanded to the court of appeals to determine whether to abate or dismiss the appeal
for want of jurisdiction. McNally, 52 S.W.3d at 196. In determining whether to
abate or dismiss, we note that a court of appeals must not affirm or reverse a
judgment or dismiss an appeal for formal defects or irregularities in appellate
procedure without allowing a reasonable time to correct or amend the defects or
irregularities. TEX. R. APP. P. 44.3. An appellate court also is prohibited from
affirming or reversing a judgment or dismissing an appeal if the trial court's
erroneous action or inaction prevents the proper presentation of an appeal and can be
corrected by the trial court. TEX. R. APP. P. 44.4(a). Further, rule 27.2 provides
that "the appellate court may allow an appealed order that is not final to be modified
so as to be made final and may allow the modified order and all proceedings relating
to it to be included in a supplemental record." TEX. R. APP. P. 27.2.
 
Abatement of an appeal pursuant to rule 27.2 occurred in Iacono v. Lyons, 6 S.W.3d
715 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (per curiam). In that case, the
trial court signed a partial take-nothing summary judgment, and the next day the
plaintiff nonsuited the other defendant. Id. at 716. The trial court did not enter an
order of nonsuit. Id. The court of appeals noted that ordinarily, no order of nonsuit
is required because a party is entitled to nonsuit on filing. Id. However, the court
went on to hold that when a nonsuit is filed after a partial summary judgment has been
signed, the judgment is not final on its face and does not become final until the trial
court signs either an order of nonsuit or a final judgment explicitly memorializing the
nonsuit. Id. Because the trial court's action of signing an order or final judgment was
ministerial, the appellate court abated the appeal and remanded to the trial court for
sixty days to cure the jurisdictional defect, which if not accomplished would result in
dismissal for lack of jurisdiction. Id.
 
Here, rather than a ministerial act, disposition of the Cooperative's counterclaim for
attorney fees may involve an evidentiary proceeding and further rulings of the trial
court, including a determination of whether the Cooperative has waived its
counterclaim, from which decisions the parties will have an opportunity to appeal.
Determination of the issues associated with a claim for attorney fees brought as a
statutory counterclaim requires more than the determination of "perfunctory issues
which can be procedurally cured by the trial court entering a clarifying or similar
order." Garcia v. Comm'rs Court of Cameron County, Tex., No. 13-01-201- CV,
101 S.W.3d 778, 2003 Tex. App. LEXIS 2526, at *22 (Tex. App.-Corpus Christi
March 27, 2003, no pet. h.). We do not construe rules 27.2, 44.3, or 44.4(a) as
conferring authority on an appellate court to abate an appeal while a statutory
counterclaim and associated waiver issues are resolved by the trial court. Id. We
have no authority to abate. Dismissal is required. El-Kareh, 874 S.W.2d at 194.

Parks, 112 S.W.3d at 163-164. 
—In This Case, Dismiss
      When I apply the rationale of Parks to this case, it is clear that dismissal, rather than
abatement, is appropriate.
      There is no indication in the judgment or record as to how the trial court plans to dispose
of the claims against TDCJ-ID. TDCJ-ID has filed no dispositive motion. If the trial court
determined the claim was frivolous, it could, under the unique provisions of Chapter 14,
dismiss the claim. Tex. Civ. Prac. & Rem. Code Ann. § 14.03 (Vernon 2002). But if the
trial court intended to do that, it could already have done so. It has not. In any event, a
dismissal by the trial court is certainly not a ministerial act. It involves the studied discretion
of the trial court. Accordingly, at this level, “[d]ismissal is required.” Parks, 112 S.W.3d at
164.
      And in regard to having the trial court take some additional action that would give us
jurisdiction versus clarification, the Seventh Court of Appeals in Amarillo recently dealt with a
similar issue. The last sentence of the court’s opinion is instructive. The court stated: “Thus,
if judgment was never rendered, the parties cannot cause it to now be rendered and included
within the supplement[al] [record].” Hawa v. Metropolitan Life Ins. Co., No. 07-03-0068-CV, 2004 Tex. App. Lexis 424, at *4 (Amarillo, January 13, 2004, no pet. h.). As applied to
this case, if a final appealable order was not rendered before the appeal was taken, the trial
court should not be allowed to render it now just to give us jurisdiction.
      I am also mindful of the Supreme Court’s concern, expressed in Lehmann, that an
“...order must be read in light of the importance of preserving a party’s right to appeal.” 
Lehmann, 39 S.W.3d at 206. In this case, the complaining party is not prejudiced if we simply
dismiss this appeal for want of jurisdiction. When the trial court resolves the remaining issues,
if any party desires to complain about the actions of the trial court, that party can bring a
proper and timely appeal of the final judgment of the trial court. We should not have this case
pending in this court that we cannot resolve while we wait for the trial court to take some
further action that will allow us to have jurisdiction of the appeal. 
Why?
      The reader may ask: Isn’t this much-to-do about nothing? Why not simply let this order
go? What is the harm?
      This is a recurring issue. We currently have several other cases with this procedural
issue. At this snap-shot in time, that means multiple abatement orders; multiple abated cases
for us to track to see if the judgment is made final; multiple cases to reinstate if the judgment is
made final; multiple appeals to revisit, and if no trial court action is taken, find out why. And
if the order appealed from is not made final by some additional act, how long should we wait?
Should we abate again? How many opportunities to make the order final should we allow? 
And finally, if ultimately the trial court says: “No. The order really means just what it says,
and as you have already determined, it really is not final, and no, I do not intend to take any
action now that would make it final.”; we will then be right back where were are now, more
cases to dismiss for want of jurisdiction because we lack a final judgment.
      And what about the extra work on the trial court, the clerk, and the court reporter? As a
result of this abatement order they all have more work to do. Unnecessary work. We have the
opportunity here to avoid burdening the state and county budget with an unnecessary hearing,
transcription of that hearing, and preparing and sending the supplemental records to us. This
is avoidable cost.
      We have a very simple letter that we have historically used when we raise the issue of
jurisdiction on our own motion. We use the letter for compliance with Rule 42.3 so that we
may then dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). In the letter
from the clerk, the reason we are questioning our jurisdiction is noted and the parties are told
that unless they can explain to us why we have jurisdiction of their case, the appeal will be
dismissed. The letter also gives them a deadline by which to respond. The savvy litigant may,
realizing we have no jurisdiction, get the trial court to render an order that will make the
judgment final which can be made part of the record and we can go forward. The burden and
the expense is on the party seeking to invoke our jurisdiction. That notice letter is all we need
to do here. That is all that is necessary at this juncture. That is what I would do in this case. 
That is what this court has done before in identical circumstances. See In re J.M.T., 999
S.W.2d 562 (Tex. App.—Waco 1999, no pet.). And J.M.T. was decided by this court after
Lehmann. We used this very procedure in March of this year. Dorsey v. Johnson, Nos. 10-03-00261-CV & 10-03-00301-CV (Tex. App.—Waco March 17, 2004, no pet. h.).
      Further, after we have dismissed the appeal, if the litigants go back to the trial court and in
short order come back to this court with a final appealable judgment, we have a very efficient
procedure which saves the litigants the cost of having a new record and new briefs prepared. 
See In re J.M.T., Nos. 10-98-286-CV & 10-99-276-CV (Tex. App.—Waco 1999, order) (not
designated for publication).


 We simply order everything moved from the first appeal, over
which we had no jurisdiction, to the new appeal, in which we do have jurisdiction. The
advantage of this procedure is that no internal resources are consumed by trying to keep track
of these abated cases. There is no delay or uncertainty while we are waiting for the trial court
to possibly take some action that will make the judgment final. In short, it brings certainty to
the procedural posture of the case.
      There is no need to abate this appeal. We know we have no jurisdiction. Thus, I
respectfully dissent from the abatement order.


                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting opinion delivered and filed March 24, 2004
Publish


Appendix










IN THE
TENTH COURT OF APPEALS
 

No. 10-98-286-CV
& 
 10-99-276-CV


IN THE INTEREST OF J.M.T., A CHILD

                                                              
 

From the 220th District Court
Bosque County
 Trial Court # 98-02-02798-BCFM 
                                                                                                                

ORDER ON MOTION FOR REHEARING
                                                                                                                

      The appeal in cause number 10-98-00286-CV was dismissed because we did not have
jurisdiction. No final judgment had been signed from which the appeal could be taken. After
the dismissal the trial court signed a judgment, which appears to be final and appealable. The
appellant has filed a motion asking us to reconsider our judgment dismissing the appeal. 
      The only issue that we can reconsider is whether our original determination that we did
not have jurisdiction was correct. The propriety of our prior opinion remains unchallenged. 
Accordingly, we deny the motion for reconsideration.
      By filing the motion for reconsideration the appellants have expressed their intent and
continued desire to appeal the trial court’s judgment. They filed a notice of appeal before there
was a final appealable judgment. Although it was a premature notice of appeal, the notice of
appeal invokes our jurisdiction to consider the complaints regarding the judgment signed on
September 1, 1999, after the notice of appeal was actually filed. Tex. R. App. Pro. 27.1(a) 
Because the earlier appeal has already been properly dismissed, the prematurely filed notice of
appeal will create a new and different appeal from the judgment signed September 1, 1999.
      We will also treat all other filings “...as relating to an appeal of that order [the trial
court’s judgment] and give them effect as if they had been taken after the order was signed.”
Tex. R. App. Pro. 27.2. We will order the transfer of all appropriate filings to a new cause
number for the new appeal.
      Accordingly, the Clerk of this court is hereby ordered to file-mark and transfer the
original notice of appeal filed in cause number 10-98-00286-CV to a new appeal numbered 10-99-00276-CV. Additionally, the Clerk of this court is ordered to immediately send a copy of
the notice of appeal, with the newly designated appellate cause number to the District Clerk of
Bosque County. Tex. R. App. Pro. 25.1(a) Finally, the Clerk of this court is ordered to
transfer the clerk’s record, the reporter’s record, all briefs and other filings in cause number
10-98-00286-CV, other than our opinion, the motion for rehearing, and a copy of this order, to
cause number 10-99-00276-CV.
      Cause number 10-99-00276-CV will be submitted on the record and briefs that are already
filed and ordered transferred to the new appeal. The district clerk is ordered to supplement the
record in 10-99-00276-CV within 10 days of this order with a copy of the judgment dated
September 1, 1999. 
 
                                                                         PER CURIAM