**LAW OFFICES OF WINDLE TURLEY, P.C.,
Appellant,**

v.

**Robert L. FRENCH, Individually and on Behalf of the Estate of Velma Rae French, Deceased, Robert R. French, Gwenda Dunn, Linda Gilliland, and Robin French, Appellees.**

**No. 05–02–01544–CV.**

Court of Appeals of Texas,
Dallas.

June 3, 2003.

Rehearing Overruled July 8, 2003.

Thomas B. Cowart, Law Office of Windle Turley, P.C., Dallas, for appellant.

Michael Sawicki, Brown, Sawicki and Mitchell, Wade Caven Crosnoe, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for appellees.

Before Justices MORRIS, MOSELEY, and ROSENBERG.[1]

## OPINION

Opinion by Justice MORRIS.

In this case, we must determine whether a judgment that fails to dispose of a "counterclaim for filing a frivolous lawsuit" is a final judgment subject to appeal. After reviewing the record, we conclude the judgment is not final. Accordingly, we dismiss this appeal for want of jurisdiction.

On February 5, 2001, the Law Offices of Windle Turley, P.C. filed this suit seeking recovery of contractual attorney's fees allegedly owed by Robert L. French, individually and on behalf of the estate of Velma Rae French, deceased, Robert R. French, Gwenda Dunn, Linda Gilliland, and Robin French (the Frenches). The Frenches answered the petition and filed counterclaims for breach of fiduciary duty, liability under the Texas Deceptive Trade Practices Act, and misrepresentation. Approximately two weeks after filing their counterclaims, the Frenches filed a motion for sanctions pursuant to sections 9.011 and 9.012 of the Texas Civil Practice and Remedies Code. In their motion, the Frenches contended Turley's claims were groundless and brought solely for the purposes of harassment. The Frenches

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

sought sanctions in an amount equal to the costs of responding to the pleading and bringing the motion.

After filing their motion for sanctions, the Frenches amended their pleadings to add a "counterclaim for filing a frivolous lawsuit." The counterclaim alleged that "[a]s a result of this frivolous lawsuit, the French family has suffered extreme mental anguish and emotional distress, and . . . [the Frenches] seek damages to compensate for these injuries." Turley did not specially except to this claim.

On June 4, 2002, the trial court signed an order of nonsuit dismissing all of Turley's claims. The court also dismissed pursuant to a nonsuit the Frenches' counterclaims for breach of fiduciary duty, violations of the DTPA, and misrepresentation. The "counterclaim for filing a frivolous lawsuit" is not mentioned in the order. The order specifically states, however, that the Frenches' motion for sanctions remains pending "subject to a subsequent order."

On July 31, the trial court granted the Frenches' motion for sanctions. The order states the trial court found Turley's pleadings frivolous under section 10.001 of the Texas Civil Practice and Remedies Code and groundless under both rule 13 of the Texas Rules of Civil Procedure and section 9.012 of the Texas Civil Practice and Remedies Code. Turley was ordered to pay the Frenches $4,876.25 within ten days.

On appeal, Turley challenges the sanctions order both procedurally and substantively. Turley first contends the sanctions order is void because it was rendered outside the trial court's plenary jurisdiction. Turley argues the nonsuit order signed by the trial court on June 4, 2002 was a final judgment and, therefore, the trial court's jurisdiction over the case ended thirty days later on July 4, 2002. Because the trial court's jurisdiction allegedly ended

three weeks before the sanctions order was signed, Turley argues the trial court had no power to make the order.

■■■ We disagree with Turley's contention that the June 4, 2002 order was a final judgment. A judgment is final if it either actually disposes of all claims and parties before the court or states with unmistakable clarity that it is a final judgment. *Thompson v. Beyer,* 91 S.W.3d 902, 904 (Tex.App.-Dallas 2002, no pet.). Here, nothing in the language of the nonsuit order suggests, let alone states with unmistakable clarity, that it was intended to be a final judgment. Rather than collectively dismissing all of the Frenches' claims, as was done with the claims nonsuited by Turley, the order specifically lists the counterclaims being dismissed. This list does not include the Frenches' claim for damages arising out Turley's allegedly frivolous lawsuit.

■■ Turley suggests that the order of nonsuit effectively disposes of all the pending claims in the case because the Frenches counterclaim for frivolous lawsuit damages is nothing more than a motion for sanctions couched as a claim for affirmative relief. Because Turley contends the pleading is merely a motion for sanctions, he argues the trial court's failure to rule on the motion has no bearing on the finality of the judgment. *See Jobe v. Lapidus,* 874 S.W.2d 764, 765 (Tex.App.-Dallas 1994, writ denied). Turley, however, did not specially except to the Frenches' pleading. The Frenches "counterclaim" did not request sanctions and did not state that it was brought under any rule or statute governing the imposition of sanctions. The claim stated instead that the Frenches are seeking compensatory damages for the mental anguish and emotional distress they allegedly suffered as a result of Turley's action. Absent special exceptions we

must construe the pleading in favor of the Frenches to assert a cause of action for affirmative relief. *See Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). Although we express no opinion about whether such a "counterclaim" states a cognizable cause of action, it is incumbent upon the trial court to resolve the merits of the claim in the first instance.

Based on the foregoing, we conclude the order of nonsuit does not purport to dispose of all the claims asserted in the case. Because no final judgment has yet been rendered, we have no jurisdiction over this appeal. We cannot, therefore, address the merits of the remaining issues brought by Turley.

We dismiss this appeal for want of jurisdiction.