

## NUMBER 13-15-00038-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ANTONIO ARRIAGA AND INEZ
LARA ROSALES,                                                    Appellants,

v.

OBDULIA MARTINEZ ARRIAGA,
ANTONIO MARTINEZ ARRIAGA JR.,
AND REYNA LUISA MARTINEZ
ARRIAGA,                                                          Appellees.

### On appeal from the 197th District Court
### of Willacy County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

Appellants Antonio Arriaga and Inez Lara Rosales attempt to appeal the trial

court's order dismissing Arriaga's declaratory judgment action and Rosales's plea in

intervention.  We dismiss for lack of jurisdiction.

## I. BACKGROUND

In early 1993 Arriaga signed a gift deed purporting to transfer his ownership of eleven parcels of land in Willacy County[1] to appellees Obdulia Martinez Arriaga, Antonio Martinez Arriaga Jr., and Reyna Luisa Martinez Arriaga, his children by his first wife.  In March of 2014, Arriaga filed a *pro se* declaratory judgment action alleging that two of the properties had been sold and sought the following relief:  (1) a declaration that he and his second wife, Rosales, owned 50% of all the disputed properties; (2) an accounting from the sale of the properties; and (3) return of half of the proceeds from the sale.  Arriaga also filed a *lis pendens* covering all the disputed properties with the Willacy County Clerk.

Appellees answered, filed a general denial and special exceptions, and counterclaimed for appointment of a receiver and for defamation.  Appellees' special exceptions requested that the trial court order Arriaga to replead and explain why he could properly bring his suit as a declaratory judgment action in light of *Martin v. Amerman*. *See* 133 S.W.3d 262, 265–67 (Tex. 2004).  In their answer, appellees also requested an injunction to prevent Arriaga from continuing to collect rents paid by the tenants of the disputed properties.

The trial court issued an order on April 24, 2014, sustaining appellees' special exceptions and ordering Arriaga to replead and explain why "a declaratory judgment action could be proper in a suit to quiet title."  The order further provided that if Arriaga failed to replead by May 10, 2014, the court would strike the portion of Arriaga's pleadings requesting a declaratory judgment.  On May 8, 2014, the trial court issued an order

---

[1] Arriaga's Original Petition listed seven disputed parcels of land.  Arriaga later filed a First Amended Petition that listed four additional parcels, all in Willacy County.

enjoining all of the parties from collecting rents on any of the disputed properties or attempting to sell them. The trial court appointed the Honorable Annette C. Hinojosa as receiver over the properties by the same order. On September 18, 2014, Rosales filed a *pro se* plea in intervention asserting that she was the "equitable owner" of all of the disputed properties.

On October 15, 2014, appellees filed a "Motion to Dismiss Action With Prejudice for Failure to Comply with Court Order and for Termination of Receivership." The motion alleged that Arriaga had not complied with a portion of the trial court's order of May 8, 2014 that instructed him to provide certain documents to the Receiver. On October 29, 2014, appellees filed a motion to dismiss Rosales's plea in intervention on the grounds that it had no basis in fact or law. *See* TEX. R. CIV. P. 91a.

The trial court signed an Order of Dismissal on December 11, 2014 that: (1) dissolved the court-ordered receivership and ordered that the collected rents, less the Receiver's fee, be paid to appellees' attorney as trustee for appellees; (2) struck Arriaga's pleadings for failure to amend; (3) provided that appellees were "free to dispose of any properties identified herein without further Order of this Court" and nullified the *lis pendens*; (4) directed Arriaga to permanently refrain from collecting any rents from the disputed properties; and (5) provided that "[Rosales's] claims are dismissed pursuant to Rule 91a." On the same day, the trial court signed a separate order denying Rosales's plea in intervention. Arriaga and Rosales filed a joint notice of appeal.

## II. JURISDICTION

We first address whether we possess jurisdiction over this appeal. Texas courts may consider their own jurisdiction for the first time on appeal and may do so *sua sponte*.

3

*Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi 2009, pet. denied). We review our own jurisdiction *de novo* as a question of law because jurisdiction is never presumed. *Parks v. DeWitt County Elec. Co-op., Inc.*, 112 S.W.3d 157, 160 (Tex. App.—Corpus Christi 2003, no pet.). If the record does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *Id.*

### A. Is the "Order of Dismissal" a Final Order?[2]

Unless a statute authorizes an interlocutory appeal, appellate courts generally have jurisdiction only over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Parks*, 112 S.W.3d at 161. A judgment that is not issued after a conventional trial is final for purposes of appeal if it either: (1) "actually disposes of all claims and parties then before the court, regardless of its language"; or (2) states with "unmistakable clarity" that it is intended as a final judgment as to all claims and all parties. *Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)). We determine whether a decree is a final judgment from the language and record of the case. *Parks*, 112 S.W.3d at 161.

The Order of Dismissal does not purport to dispose of all claims and parties before the Court because it does not address or dispose of appellees' counterclaim for defamation. Arriaga did not file any special exceptions or otherwise challenge the

---

[2] Arriaga and Rosales's joint notice of appeal also stated that they wished to appeal from: the order that denied her plea in intervention; the order which granted the special exceptions and ordered Arriaga to replead; the order appointing a receiver and enjoining Arriaga from collecting rents; and an "Order on Disgorgement of Rents." Even if we assume that the order denying Rosales's plea could form part of a final judgment, we need not address it for purposes of this jurisdictional analysis because it does not address any claim raised by Arriaga. A judgment must be final as to all claims and all parties. *See Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam); *see also* TEX. R. APP. P. 47.1. We do not need to address the other three orders mentioned above because none disposes of all claims asserted by all parties.

4

defamation claim, and "[w]hen a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Construing the pleadings liberally in favor of Arriaga, we hold that the defamation counterclaim remains pending. It is the role of the trial court to address the merits of that claim in the first instance. *See Law Offices of Windle Turley, P.C. v. French*, 109 S.W.3d 599, 602 (Tex. App.—Dallas 2003, no pet.) (holding that a judgment did not purport to dispose of all claims and all parties when it did not address a counterclaim for filing a frivolous lawsuit and the opposing party did not specially except to the counterclaim); *Lentino v. Frost Nat'l Bank*, 159 S.W.3d 651, 653–54 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding the court of appeals had no jurisdiction over an appeal of two trial court orders when at least one other counterclaim or "counter-counterclaim" was pending at the time the court signed the appealed orders).

However, if the trial court's intent to render a final judgment is clear from the language of the order, it is final and appealable even if the record does not provide an adequate basis for the rendition of judgment. *Lehmann*, 39 S.W.3d at 200. "So, for example, if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *Id.* In this case, the Order of Dismissal contains no Mother Hubbard clause, does not state that it is a "final" order, and does not contain any other language explicitly and unequivocally disposing of all claims and all parties before the court. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (holding that a default judgment that used language not purporting to dispose of all parties and all claims and

5

that did not actually dispose of a claim for punitive damages was interlocutory).  We conclude that the Order does not unambiguously reflect the intent to render a final judgment.  *See id.*; *see also French*, 109 S.W.3d at 601–02.

In sum, we conclude that we lack jurisdiction over this appeal from the Order of Dismissal because it is not a final judgment for purposes of appeal.  *See CMH Homes*, 340 S.W.3d at 447.

## B. Disposition

The Texas Supreme Court has instructed that when a reviewing court is uncertain about the intent of an order to dispose of all claims and parties it has the option of abating the appeal to permit clarification by the trial court.  *Lehmann*, 39 S.W.3d at 206.  Texas Rule of Appellate Procedure 27.2 provides that an appellate court may abate a case to "allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."  TEX. R. APP. P. 27.2.  When deciding whether to dismiss or abate on appeal we must also bear in mind that we may not affirm or reverse a judgment or dismiss an appeal "for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."  *Id.* R. 44.3.

This Court has said in the past that we will abate an interlocutory order if "determination of perfunctory issues which can be procedurally cured by the trial court entering a clarifying or similar order" is all that is necessary to make an order final and appealable.  *Garcia v. Commissioners Court of Cameron Cty.*, 101 S.W.3d 778, 786 (Tex. App.—Corpus Christi 2003, no pet.).  We have concluded that abatement is not appropriate when more significant issues, such as those that might require an evidentiary

6

hearing, remain for the trial court to address. *See id.*; *see also French,* 109 S.W.3d at 602.

Appellees' counterclaim for defamation remains pending. Resolution of that counterclaim is more than a perfunctory issue that can be resolved by a clarifying order. *See Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc*, 171 S.W.3d 461, 469 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("Unaddressed claims and parties properly before the court are not matters we can construe as merely perfunctory or ministerial."); *French,* 109 S.W.3d at 602. While the trial court and the parties may have presumed that all claims were disposed of by the Order of Dismissal, "we cannot speculate as to the intended disposition of the remaining claims based on an absence of their mention in the record." *See Sw. Investments,* 171 S.W.3d at 469. We conclude that we do not have the authority to abate this appeal for the trial court to address the remaining counterclaim. *See Parks*, 112 S.W.3d at 163–64; *Garcia*, 101 S.W.3d at 786. We dismiss the appeal for lack of jurisdiction.

NORA LONGORIA,
Justice

Delivered and filed the
27th day of August, 2015.