**Appeal Dismissed and Memorandum Opinion filed March 1, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00635-CV

## CHRISTOPHER DUPUY, Appellant

## V.

## HEATHER WILLIAMS, Appellee

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-89958**

## MEMORANDUM OPINION

This is an attempted appeal from an interlocutory order denying appellant Christopher Dupuy's motion for default judgment against appellee Heather Williams on April 7, 2020. On December 8, 2021, this court informed appellant of the lack of any appealable order and notified him that his appeal was subject to dismissal if he failed to show meritorious grounds for continuing the appeal. Tex. R. App. P. 42.3(a); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (acknowledging general rule that "interlocutory orders are not immediately

appealable").

Appellant attempts to appeal the trial court's order denying his motion for default judgment, but appellant has taken a non-suit and appellee has filed counterclaims that the appellate record suggests are still pending.[1] *See* Tex. R. Civ, P. 162. *See Law Offices of Windle Turley, P.C. v. French*, 109 S.W.3d 599, 601–02 (Tex. App.—Dallas 2003, no pet.) (holding that because counterclaim for frivolous lawsuit damages remained pending before trial court, there was no appealable final judgment and the appeals court lacked jurisdiction over appeal). Even if the parties' controversy has actually concluded in the trial court, by taking a non-suit, appellant mooted the entirety of his case. *See Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 157 (Tex. 2007). This also mooted his appeal of any matters related to the merits of those claims. *See Klein v. Hernandez*, 315 S.W.3d 1, 3–4 (Tex. 2010) (acknowledging general rule that when non-suit ends case against party, "there [is] no live controversy for the court of appeals to decide" between the parties).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

[1] In addition, although appellant has submitted a purported non-suit order with his brief, the appellate record does not reflect that the trial court has signed an order acknowledging the non-suit. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1996) (per curiam); *see also* Tex. R. App. P. 34.1 (noting that appellate record consists of "the clerk's record and, if necessary to the appeal, the reporter's record"); *Nogle & Black Aviation, Inc. v. Faveretto*, 290 S.W.3d 277, 287 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that courts of appeals "may not consider evidence that is only attached to briefs").