**Opinion issued November 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00027-CV

————————————

## JUAN ALANIZ, ET AL., Appellants[1]

---

[1]     The appellants are: Bernardino Acevedo, Juan A. Alaniz, Rafael Alaniz, Louie Albarado, Walter Albro, Haskell Andrews, Johnny Anazaldua, Jose Manuel Araujo, James D. Archer, Roberto Ovalle Armendariz, Matthew Auguste, David Bachus, Richard L. Bachus, Billy Wayne Bailey, Jack Stewart Baker, Lewis B. Bell, Santos Benavidez, Ramus Benoit, Chester Benton, Marvin A. Benton, Donald A. Bianchin, James E. Blakeslee, Edgar A, Bonilla, Freddie C. Bracken, Jessie B. Branch, Raymond Guy Branin, Granville Lee Brewer, Donald Ray Brooks, A. R. Brown, Jesse J. Buitron, Will Bullock, Jr., James F. Bush, Charles Lee Butler, Rufus Edgar Butler, Dwight Cahanin, Terry Richard Calhoun, Refugio Carmona, William S. Carpenter, Raul S. Carrillo, Glenn W. Casteel, Martin Castillo, Noe R. Castillo, Jose Manuel Cavazos, Antonio C. Cazares, Gilberto Garcia Cazares, Jesus Cervantes, Merado Oscar Chapa, Richard Chapa, Tomas Chapa, James Clary, Arthur G. Coley, Bobby L. Conner, Frank Cooks, Reynaldo Coronado, Carl Coutee, Danny Dwayne Daniel, Odell Davis, Alfonso De Alba, George W. Delacerda, Lynn J. Dempsey, Tommy Dennis, Roosevelt Dickson, Gary Dilworth, Ira R. Doggett, Rodolfo Dominguez, Cyrille Errol Donelly, James Lee Duirden, Glenn Dunn, Marvin G. Dunn, Robert Edwin Durham, Juan Edison, Lester Gregory Ener, Andres Dominguez Enriquez, Eugene R. Farren, Larry Don Featherston, Claude Flanagan, Arthur M. Fletcher, Philman Fontenot, James Gaboury, Herlindo H. Galindo, Ernest R. Garcia, James Garcia, Jimmy G. Garcia, Martin Miguel Garcia, Raul Garcia, Rogelio Garcia, Lawrence Garner, Fidel Garza, Jesus M. Garza, Roberto Garza, Emilio

**V.**

---

Gonzales, Richard R. Gonzales, Anatolio Gonzalez, Jose Luis Gonzalez, Roberto A. Gonzalez, Curtis Joe Goodwin, William E. Gordy, Jessie Goss, Jose Luis Gracia, Natividad Granado, Alton Graves, Gary Gray, James Green, Jerry Green, Jorge L. Gutierrez, Lawrence Gutierrez, Darnell Earl Hamilton, Amos Hampton, Emil Hanzel, David Hardin, L.V. Hare, Glenn A. Hargraves, Wayne E. Harman, Thomas Earl Harmon, R.D. Burnett Henderson, Bias G. Hernandez, David M. Hernandez, Jose Francisco Hernandez, Ricardo M. Herrera, Lemuel Earl Hicks, Milton Hill, Epifanio Hinojosa, Lazaro C. Hinojosa, Michael Hinson, Nathaniel Hodge, Joseph D. Holder, Samuel M. Holsome, Harold Dean Hopkins, Richard Dave Howard, Claude Jackson, Norman Jackson, Alfredo Jimenez, Lonnie L. Johnson, Ira Lee Jones, William George Jones, Richard Lee King, Randall L. Land, Alton Langley, James G. Lashlee, Lovejoy Lashlee, Leroy Lewis, Lloyd Loose, Ernesto G. Lopez, Juan M. Lopez, Gabriel L. Lozano, Jesus A. Lozano, Allen Lyle, Bennie Joe Maly, Randolph Marroquin, Robert Leonard Marshall, Delmas Odell Martin, Santos Martinez, John R. Mauhar, Ronald A. Mayo, Billy R. McClendon, Marvin L. McKay, Clayton McQueen, Frank C. Megerle, Raymond Edward Melcer, Robert Perez Mendez, Juan M. Mendoza, Leroy Franklin Miles, Willie Z. Mitchell, Jesus Montalvo, Robert Lewis Moore, Edward Mario Morales, Roberto Morales, Little John Moreland, Roy B. Moreno, Charles Morgan, Ottis L. Morton, Elmer Myers, Juan Garcia Narvaez, Pedro A. Oquendo, Darryl Orr, Tony G. Ortega, Juan Ozuna, Fidel S. Paiz, Luther Patton, Bryan Perez, Jose Luis Perez, Bennie Phillips, Milton Pines, Dwayne Pinkard, Julian R. Polanco, Alton Pope, Alton Mitchell Pope, Ruben M. Quintero, James C. Reed, Francisco G. Reyes, Ruben Reyes, Eluterio Rodriguez, Gilberto Rodriguez, Modesto C. Rodriguez, Modesto Rodriguez, Sr., Paul Rojas, Sheldon D. Ruelas, Lorenzo O. Ruiz, Kennard M. Rydolph, Samuel Saavedra, Baldemar Saenz, Rodolfo Sainz, Mesindo Salazar, Irineo M. Saldivar, Ruben Saldivar, Abel Salinas, Lewis Victor Sanford, James E. Scarborough, Lee Caster Schexnider, Willie Scott, Charles W. Seidler, Salvador Sendejo, James W. Shelton, James L. Shinn, Frank Singleton, Harry Lee Singleton, William Smith, Juan Sordia, Steve A. Soto, Bobbie Joe Sparks, Riley E. Spittler, Mitchell Stacey, John Starett, William J. Sylvester, Leeland Wayne Temple, Thomas Brent Thibodaux, Henry Thomas, Larry Thomas, Joseph Reid Thompson, Jesus C. Tijerina, Columbus M. Tippett, Ronnie Toatley, David Torres, Simon Torres, Jimmy Towry, Herbert F. Trahan, Reynaldo Trevino, Thomas G. Tucker, Iradell Tutt, Gustavo Uribe, George Vega, Ernesto Vera, Joseph C. Verde, George Villarreal, Jesus Villarreal, Medardo Villarreal, Jessie L. Wade, Thomas Walters, Willie C. Wedgman, James M. Whatley, Thomas Neal Wiggins, Alfred Wiley, Michael Lee Wilkerson, George L. Williams, Jack C. Williams, Ralph Williams, Alfred Wilson, Jeffery L. Wimberly, Jerry L. Woodson, Carroll J. Yancey, Senobio V. Ybarra, Jose G. Zamora, and Ramon Zapata.

**THE O'QUINN LAW FIRM, JOHN M. O'QUINN & ASSOCIATES, LLP, THE ESTATE OF JOHN M. O'QUINN, DECEASED, AND ABEL MANJI,**
**Appellees**

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 392,274-414**

## MEMORANDUM OPINION

In this legal malpractice suit, former clients of the appellees, the O'Quinn Law Firm, John M. O'Quinn & Associates, LLP, and T. Gerald Treece, as independent executor of the Estate of John M. O'Quinn, deceased (collectively, "the Firm"), sued the Firm and others for negligence arising out of the handling of the clients' claims against various manufacturers and distributers of silica and manufacturers of silica-related protective gear (collectively, "the Silica Defendants"). The Firm filed partial no-evidence motions for summary judgment against the appellants in this case—263 of the former clients involved in the ongoing suit against the Firm (collectively, "the Former Clients"). The Firm's motion argued that the Former Clients had no evidence of causation on their legal malpractice claims because they had not shown that they actually suffered from silica-related injuries that would have entitled them to recover under settlements with the various Silica Defendants. The trial court granted the motion, dismissed the Former Clients' malpractice claims, and then severed the parties and issues

addressed in the summary judgments in an order providing "that the parties and all issues raised by the No Evidence Motions for Partial Summary Judgment, and the Order granting the same, be and are hereby severed regarding the 263" Former Clients.

Because we conclude that the record does not contain an order that is final as to all claims and parties, we dismiss the appeal for want of jurisdiction.

**Background**

The Former Clients are all Texas residents who worked with products or materials containing silica. Beginning in 2000, they and thousands of other individuals retained the Firm to represent them in litigation against various Silica Defendants, or users and manufacturers of silica or protective gear. Between 2002 and 2004, the individual Silica Defendants and the Firm entered into a series of settlement agreements and other written agreements filed under Texas Rule of Civil Procedure 11. The settlement agreements varied in the amounts involved and the exact terms, but all of them provided total amounts needed to pay all of the Firm's clients, as estimated by the parties, and a procedure for the dispersal of those funds to individual claimants.

The Firm submitted information regarding the Former Clients' silica-related injuries to the Silica Defendants for settlements of the clients' claims. A few of the Former Clients were able to obtain limited settlement payments from some of the

Silica Defendants. However, many of the Former Clients' silica-related claims were never paid.

In 2005, the Texas Legislature passed Civil Practice and Remedies Code chapter 90, setting out the specific medical criteria that a claimant must establish in order to proceed with discovery in a silica-related injury case. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 90.001–.012 (Vernon 2011 & Supp. 2014). Chapter 90 also governs the administration of claims, and all civil actions involving silica-related claims were consolidated in Harris County District Court No. 333. A few of the Former Clients received payments after 2005 under settlement agreements with some of the Silica Defendants, but those few did not obtain payments from all of the Silica Defendants they had sued. Other Former Clients never obtained any settlement payments. Pursuant to the provisions of chapter 90, Harris County District Court No. 333 placed the Former Clients' remaining claims against the Silica Defendants on the inactive docket and subsequently dismissed them.

Accordingly, in 2011, hundreds of the Firm's clients in the silica litigation (collectively, "the plaintiffs"), including the Former Clients who are the appellants in this appeal, sued the Firm,[2] alleging that the Firm committed legal malpractice in its negligent management of the implementation of the settlements. The

---

[2] The plaintiffs in the underlying litigation originally filed suit in state district court, but the suit was transferred to Harris County Probate Court No. 2, which is administering O'Quinn's estate.

5

plaintiffs generally asserted that in the course of the representation the Firm "[e]ntered settlement agreements and failed to enforce those agreements," incurred unreasonable and unnecessary expenses, and failed to adequately communicate with them regarding various aspects of the settlement process. The plaintiffs specifically asserted that the Firm was negligent in its handling of their claims against Clemtex and other Silica Defendants. The live pleading, which was filed on behalf of all of the plaintiffs in the underlying suit, including the Former Clients, also asserted causes of action based on breach of fiduciary duty, violations of the DTPA, fraud, unjust enrichment, and others. The plaintiffs also argued that the Firm "received settlement proceeds and retained the proceeds for their own benefit." They sought an accounting of the Firm's financial records.

Regarding their professional negligence claim, the plaintiffs argued that the Firm failed to provide the legal advice and services that a reasonable and prudent firm would have provided, that they were dependent upon and relied upon the Firm's "representations of [its] absolute loyalty, and competency to represent [their] best interests," and that the Firm's negligence proximately caused them "actual and inherent" damages.

The Firm denied the allegations and proceeded with discovery. The parties assert in their briefs on appeal that the trial court set four of the plaintiffs' cases for trial as test cases and ruled that the plaintiffs in those four cases were required to

6

prove that they had silicosis and that the medical evidence they presented was insufficient to prove that, but that ruling is not included in our record. The parties also assert that, at some point, the trial court ruled that the expert reports of Dr. Ray Harron, a doctor relied upon by most of the Former Clients, lacked credibility. Again, that ruling is not included in our record.

On July 23, 2013, the trial court signed an "Order on Case Management." The court ordered that the Firm "shall file No Evidence motions for Summary Judgment on all cases pending in this Court which rely on the medical findings of Dr. Ray Harron to support a diagnosis of a silica injury." The order set a deadline of October 1, 2013, for the Firm to file its motions and specifically stated, "This Court is delaying the filing of the [Firm's] Motions in order to allow Plaintiffs . . . a reasonable time to retain a qualified medical expert if they choose to do so." It further ordered that the motions "shall be limited to the absence of competent medical evidence to prove a silica injury."

In accordance with the trial court's July 23, 2013 order, the Firm filed a no-evidence partial motion for summary judgment against each of the Former Clients on October 1, 2013, addressing only those legal malpractice claims that were based on allegations that the Firm failed to obtain applicable settlements and relied upon "medical findings of Dr. Ray Harron to support a diagnosis of silica injury." The motions specifically asserted that the Former Clients had no evidence that the Firm

proximately caused their injury because they had no "qualified and reliable expert testimony" establishing that they had a silica-related injury that would have entitled them to settlement from any of the Silica Defendants.

The Former Clients responded to the no-evidence motions for summary judgment by reasserting their allegations against the Firm. They also argued that their "claims of negligence are based on a number of various issues, some claims [for] which a silicosis medical report is not necessary," such as untimely processing of settlements. They also listed certain Former Clients who were specifically named as settling plaintiffs entitled to a sum certain in various Rule 11 settlement agreements but who were never paid, and they provided copies of all of the relevant settlement agreements with the Silica Defendants as summary judgment evidence.

On November 5, 2013, the trial court granted the no-evidence motions for partial summary judgment in each case. On December 18, 2013, it severed the parties and issues addressed in the partial summary judgments in an order providing "that the parties and all issues raised by the No Evidence Motions for Partial Summary Judgment, and the Order granting the same, be and are hereby severed regarding the 263" Former Clients. The trial court further ordered that the severed action be assigned a separate cause number and listed documents to be included in the case file for the severed action.

The Former Clients then appealed "from the Order Granting the O'Quinn Defendants' No-Evidence Motions for Partial Summary Judgment as to Plaintiffs signed November 5, 2013 . . . , made a final and appealable judgment by the Amended Order of Severance signed December 18, 2013." During oral argument, this Court raised the question of appellate jurisdiction and sought supplemental briefing on that issue.

## Jurisdiction

As a preliminary matter, we must first consider whether there is an appealable final judgment in this case. We must determine our jurisdiction to hear an appeal, and we are not limited by the parties' failure to challenge this Court's jurisdiction. *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (lack of jurisdiction may be recognized by appellate court *sua sponte*); *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue."). We review our own jurisdiction de novo as a question of law because jurisdiction is never presumed. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If the record does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the appeal. *IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.*, 175

9

S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.); *Parks v. DeWitt Cnty. Elec. Coop., Inc.*, 112 S.W.3d 157, 160 (Tex. App.—Corpus Christi 2003, no pet.); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001).

Unless a statute authorizes an interlocutory appeal, appellate courts generally have jurisdiction only over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (citing *Lehmann*, 39 S.W.3d at 195). When, as here, there has been no conventional trial on the merits, we do not presume that a judgment is final. *Lehmann*, 39 S.W.3d at 199–200. A judgment is final for purposes of appeal if it either (1) "actually disposes of all claims and parties then before the court, regardless of its language" or (2) states with "unmistakable clarity" that it is intended as a final judgment as to all claims and all parties. *Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam) (citing *Lehmann*, 39 S.W.3d at 192–93).

Neither the order granting summary judgment nor the severance order here contained finality language or any other clear indication that the trial court intended the order to completely dispose of the entire case. *See id.*; *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 870 (Tex. App.—Dallas 2014, no pet.). Thus, we must determine whether the order before us actually disposes of all pending parties and claims in the record. *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 78–79 (Tex. 2014) (citing *Lehmann*, 39 S.W.3d at 195). We

10

determine whether an order is a final judgment from the language of the order and the record of the case. *Lehmann*, 39 S.W.3d at 195; *Parks*, 112 S.W.3d at 161.

Here, the November 5, 2013 order granting the Firm's no-evidence motions for partial summary judgment was not a final judgment because it disposed of only those legal malpractice claims that depended upon proof of medical causation. And the December 18, 2013 severance order severed the parties and issues addressed in the summary judgments in an order providing "that the parties and all issues raised by the No Evidence Motions for Partial Summary Judgment, and the Order granting the same, be and are hereby severed regarding the 263" Former Clients. It did not address or otherwise dispose of the other legal malpractice claims pending for at least some of those same plaintiffs, such as claims that the Firm was negligent in its untimely processing of settlements or in failing to make payments to clients who had been specifically named in Rule 11 settlement agreements with certain Silica Defendants. And even if the motion for partial summary judgment had addressed causation for all theories advanced in the Former Clients' legal malpractice claims, it did not address other pending claims asserted against the Firm by the plaintiffs, including some of the Former Clients who are appellants here, such as the claims for breach of fiduciary duty, fraud, and unjust enrichment. Because the order does not dispose of all the claims of the parties, the trial court's order was not final for purposes of an appeal.

The parties filed briefing asserting that the severance order created a final and appealable judgment. However, the briefing also demonstrated that the parties disagree regarding whether the summary judgment order encompassed negligence claims that did not require proof of silicosis, such as the claim that the Firm failed to disburse settlements that Silica Defendants had already agreed to pay. As discussed above, the Firms' no-evidence motions for partial summary judgment expressly stated that they were filed in response to the trial court's July 23, 2013 "Order on Case Management" requiring that the Firm "shall file No Evidence motions for Summary Judgment on all cases pending in this Court which rely on the medical findings of Dr. Ray Harron to support a diagnosis of a silica injury." The motions for summary judgment and the order granting them addressed only this one theory of liability for legal malpractice or professional negligence—the no-evidence motions for summary judgment did not address all of the professional negligence claims made by the plaintiffs, nor even all of the professional negligence claims made by the Former Clients who are appellants here.

We conclude that the record does not contain a judgment that is final for purposes of appeal, and there is no statute providing for consideration of this interlocutory order. *See Lehmann*, 39 S.W.3d at 195. Because the record does not affirmatively demonstrate our jurisdiction, we have no option but to dismiss the

appeal.  *See id.* at 199–200; *IFS Sec. Grp., Inc.*, 175 S.W.3d at 562; *Parks*, 112 S.W.3d at 160.

## Conclusion

We dismiss the appeal for want of jurisdiction.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.